JOHN BOON, Administrator of JOHN B. WOOD, *vs.* SHADRACH BARNES et al.

A. sold a tract of land to B., executed his bond for title, and afterwards died. The probate court, upon the application of B., before the purchase-money was paid, directed the administrator of A. to convey the land to B. He did so, and afterwards sued B. for the unpaid purchase-money ; recovered a judgment, and caused his execution to be levied upon the land, which was sold, and purchased by C., who sold it to D. The administrator filed his bill to enforce the vendor's lien : *held*, that the bill could not be sustained.

A party against whom a judgment has been rendered by a court of competent jurisdiction, and who acquiesces therein until his right to an appeal is barred by lapse of time, cannot afterwards, in the appellate court, avail himself of any errors in the judgment.

While the vendor's lien will be enforced in all proper cases, it is well settled that it cannot be sustained against a *bonâ fide* purchaser without notice from the original vendor.

One who purchases *bonâ fide* from a fraudulent purchaser will be protected against the lien of the vendor.

*Dunlap v. Burnett*, 5 S. & M. 702, cited and explained, and distinguished from the present case.

*Semble*, that a vendor of land, who obtains a judgment for the unpaid purchase-money, and thus acquires another lien, which he enforces by a sale of the land, cannot afterwards go back to his first lien, and thus enforce both.

A *bonâ fide* purchaser is one who, at the time of his purchase, advances a new consideration, surrenders some security, or does some other act which, if his purchase were set aside, would leave him in a worse than his original position.

IN error from the district chancery court at Carrollton; Hon. Henry Dickinson, chancellor.

Boon *v.* Barnes et al.

The record shows that on the 14th of October, 1836, John B. Wood, in his lifetime, sold to James Blackburn the tract of land in controversy, and executed to Blackburn a bond for title. That Blackburn paid part of the purchase-money and executed his writing obligatory for the balance, amounting to $1550, payable on or before the 1st day of January, 1838; and subsequent to the contract, Wood died, and John Boon became his administrator. On the 2d of April, 1838, the probate court of Yalabusha county compelled Boon, as administrator of Wood, to execute a deed to said land, and it was known to the probate court at the time that the purchase-money had not been paid. In August, 1838, plaintiff, Boon, administrator of Wood, instituted a suit on the writing obligatory, given for the purchase-money, and in September of the same year judgment was recovered on the same, in the circuit court of Yalabusha county ; that execution was issued on said judgment; it was bonded, and the bond forfeited, and execution issued on the judgment on the bond in January, 1840, and levied on the land, which was sold, and purchased by James H. Mabry, the son of the sheriff; and Barnes, the chief defendant to the bill, claims the land by virtue of a purchase from J. H. Mabry.

In 1844 complainant, Boon, files his bill to rescind the sale of said land to Barnes, when on the 9th of April, 1849, the chancellor decreed in favor of the defendant, Barnes, from which decree complainant, Boon, prayed a writ of error to this court.

*Acee*, for appellant.

*Fisher*, for appellee.

Mr. Chief Justice Sharkey delivered the opinion of the court.

The object of this bill is to enforce a vendor's lien. The complainant's intestate, Jno. B. Wood, in his lifetime had sold a tract of land to James Blackburn, and had made a bond for title. After Wood's death, the probate court directed Boon the administrator to make title to Blackburn, according

12*

to the provision of the statute conferring such power on the court.   Hutch. Code, 471, sec. 114.   Boon made the title according to the order of the court, on the 18th of December, 1838.

In August, 1838, the complainant brought suit against Blackburn for the purchase-money, and in September of the same year recovered a judgment.   Under the executions which emanated on this judgment and others, the sheriff sold the property in question on the 3d of February, 1840, and his son, J. H. Mabry, became the purchaser, to whom the sheriff, David Mabry, conveyed.   Barnes claims the land by purchase from the sheriff's vendee, in payment of a judgment debt.   He had filed a bill to subject this land to the payment of his judgment, and the matter was compromised, and the bill dismissed, and the judgment thus satisfied.

The first object of the bill is to have the conveyance made by order of the probate court set aside, on the ground that the court should not have made such an order until the purchase-money was paid.   The obvious answer is, that the statute gives the court power to order the executor or administrator to make title agreeably to the bond, and the judgment was acquiesced in without objection.   The party really performed the judgment by making the title, and has thus acknowledged its validity.   The statute gives an appeal in such cases if a party be dissatisfied with the order of the court, but no appeal was taken, or any complaint made, until after the lapse of six years.   Under these circumstances we can see no ground for setting aside the conveyance.   But considered in this aspect it is virtually a bill to rescind the contract, and the application is not only late, but it is made after the party has sued at law for the purchase-money, and after the land has been sold under an execution on his judgment, and has passed into the hands of a third person.   The party has thus precluded himself by his own acts.

Then we are to consider whether the vendor's lien can be enforced.   That such a lien will be sustained in a proper case is the settled doctrine of this court, but that it will not be sustained against a *bonâ fide* purchaser without notice from the

original vendee, is equally well settled.   *Clower* v. *Rawlings*, 9 S. & M. 122; *Bayley* v. *Greenleaf*, 7 Wheat. 46.   At the sheriff's sale, J. H. Mabry became the purchaser of the property, and he sold it to Barnes.   It is said that Mabry was a fraudulent purchaser, and this is probably true, but there is no proof whatever that Barnes is a fraudulent purchaser, and he is protected by the *bona fides* of his purchaser, although his vendor may have acquired title in fraud.   The lien then cannot be enforced against Barnes according to the doctrine of the cases cited.   But the case of *Dunlap* v. *Burnett*, 5 S. & M. 702, is relied on as establishing a rule which would make the land liable in the hands of Barnes, but it does not apply.   A distinction was then adverted to which would sustain the vendor's lien as against a mortgage of the vendee, if the mortgage be taken merely to secure an antecedent debt, but otherwise if the mortgage be made to secure an original loan.   Barnes is not a mortgagee, but an absolute purchaser.   True, the consideration paid by him was an antecedent debt, but it does not appear whether it was antecedent to the sale by Wood to Blackburn.   Barnes had filed a bill to subject the property, and that he relinquished; he also had a judgment, and the security afforded by that has been lost.   He cannot be restored to his original position, but must be in a worse one.   A mortgagee of the vendee, whose mortgage was taken to secure a debt existing prior to the purchase by his mortgagor, is in no worse condition than when the debt was contracted, and that is the reason of the distinction.   But this is not the case with Barnes.

But there is another view of this case which is entitled to great weight.   The complainant did not rely upon a vendor's lien ; he recovered a judgment, and thus acquired another lien, and this he enforced by a sale of the property.   Can he now go back to his first lien, and thus enforce both ?   It is, to say the least, not by any means clear that he can do so.   The doctrine laid down by Chancellor Kent, in *Tice* v. *Annin*, 2 J. Ch. Rep. 125, seems to be opposed to this course.   True, it is said the sheriff should not have sold under complainant's execution ; but that he did so was the fault of the complainant.

The fact that Barnes is a *bonâ fide* purchaser, however, we deem conclusive, and the decree must be affirmed.