BELL AND PASSMORE *v.* JOSEPH COOPER.

A mechanics' lien commences from the time of making the contract; and if at that time the title of the party contracting is not in such a condition as to be subject to the lien, it will attach to the property upon the completion of the title to it.

In error from the superior court of chancery; Hon. Stephen Cocke, chancellor.

Passmore and Bell filed their bill on the chancery side of the circuit court of Hinds county, in July, 1847, to enforce their mechanics' lien for work and labor performed upon the house of Graves, Crary & Co., and obtained judgment against a portion of the firm for $276, the amount due them; Graves being a married woman, was discharged on plea of coverture. When

Graves, Crary & Co. made the contract with Bell and Passmore to do the work on their house, they had not a valid title to the property. But on the 7th of March, 1846, Graves, Crary & Co. had the property conveyed to them by deed, and on the 13th of the same month, they conveyed it away by a deed in trust to secure a debt due Virden from Graves, Crary & Co. On the ―― of November, 1847, the property was regularly sold, and Cooper became the purchaser, who filed a bill to enjoin the judgment for the mechanics' lien of Bell and Passmore.

*Freeman, Adams,* and *Dixon,* for appellants,

Cited Hutch. Co. 627, 628, and contended that Cooper by virtue of the institution of the suit by Bell and Passmore in July, 1847, had notice of the existence of the lien.

*D. Shelton,* for appellee,

In reply, contended that the mechanics' contract was never recorded in the probate court as required by the statute; and the attempt to enforce it against the property, is a fraud upon Cooper, who was an innocent purchaser. Bell and Passmore did not do the work they contracted to do according to their contract, and they have no right to recover. Hutch. Co. 627.

Mr. Justice HANDY delivered the opinion of the court.

The material facts of this case appear to be, that in December, 1845, Bell and Passmore made a contract in writing with Graves, Crary & Co., and agreed to do certain carpenters' work on a house in the town of Jackson, stated to be owned by Graves, Crary & Co. The work, so far as it was done, was completed in June, 1847; and in July, 1847, Bell and Passmore commenced their action to enforce their mechanics' lien in the Hinds circuit court, and obtained judgment in May, 1848, for $276, against J. W. and O. B. Crary, two of the firm of Graves, Crary & Co., the other partner, Graves, being a married woman, and being discharged on a plea of coverture. The execution issued to enforce the mechanics' lien upon this judgment is sought to be enjoined upon the following grounds.

It appears that when Graves, Crary & Co. made the above-

stated contract, they had not a valid title to the property; that it was conveyed to them by deed dated 7th March, 1846, and that on the 13th of the same month, they executed a trust deed to a trustee to secure the payment of a debt due to A. Virden, under which the property was regularly sold in November, 1847, and purchased by the complainant Cooper for $1,950, and conveyed to him; that the carpenters' work was not commenced by Bell and Passmore until after the trust deed was made under which Cooper claims. The bill charges that the judgment to enforce the mechanics' lien was obtained by collusion and fraud between Crary, and Bell and Passmore, with the intent to defeat the deed of trust and the title under it; denies that any lien existed in their favor, because the contract was not recorded in the probate clerk's office, and the payment of the money under the contract was due more than twelve months before the action was brought. The defendants, in their answer, deny all fraud and collusion, and allege that the judgment was justly and fairly obtained, and, in answer to the bill, they state that the action was brought within twelve months from the completion of the work, and that the larger portion of the work was not done until after the time stipulated in the contract, but that this was owing to the failure of the other party to furnish materials, which they were bound to do by the contract, and that the money was not due until the work was done.

The chancellor decreed a perpetual injunction, from which decree this appeal is taken.

The first point for consideration is, whether the mechanics' lien can be asserted against the title of the complainant derived from the trust deed. It is insisted, that because Graves, Crary & Co. had no title to the property in December, 1845, when the contract from which the lien arose was made, no lien could attach upon the property under that contract. It is true that the contract could not affect the property until the title of Graves, Crary & Co. was perfected. But that was done on the 7th of March, 1846, on which day the property became subject to the operation of the contract; and if a lien existed under the terms of the contract and the provisions of the stat-

ute applicable to it, by the subsequent completion of the work, or compliance with the contract, it would take effect from the time of accrual of the title of Graves, Crary & Co. The incumbrance of the deed of trust did not commence until the 13th March, so that it is junior to the lien of the mechanics.

It is said that the right of Bell and Passmore under the contract was contingent upon the performance of the work, and that as no part of the work was done until after the date of the deed of trust, the lien of the deed has preference. It is true that they could not claim any benefit under the contract until the work was done. But under the provisions of the statute, the lien commences from the "time of making the contract;" and if at that time the title of the party contracting is not in a condition to be subject to the lien, it will attach upon the completion of the title. The rule insisted upon might work the greatest injustice; for the mechanic, after making his contract, might proceed to provide materials at great expense, and even to prepare much of the work for erection, but before the same could be put upon the premises, other liens might be created on the premises, which would deprive him of all benefit of his lien, and cause great loss. This is prevented by the provisions of the statute.

In this case, there is no hardship in giving effect to the mechanics' lien, because Cooper purchased the property after the work done upon it by Bell and Passmore, and thereby obtained the benefit of their labor. The purchase was also made after the commencement of the suit, which was notice in law to the purchaser.

Many objections are raised by the complainant to the right of the mechanics to obtain their judgment at law, and thereby enforce their lien. These objections go to the propriety of the judgment; and although they might have been sufficient to prevent the recovery of the judgment, they are now concluded by it. We cannot now say that the court below erred in rendering the judgment. It is conclusive in relation to the matters objected to, until reversed in due course of law. The complainant also alleges that the judgment was obtained by fraud and collusion. This is fully denied by the answer, and is not

sufficiently established by proof to justify the court in setting aside a judgment apparently rendered in due form.

There is but one other equitable feature in the bill, and that is, the claim to discharge the mechanics' lien by paying the judgment. The complainant had this right without resort to a court of equity, and therefore the bill cannot be entertained for that purpose.

The decree of the chancellor is reversed, and the bill dismissed.

A petition for a reargument was filed by the counsel for appellee, but the court refused to grant a reargument.