## M. E. & J. W. Cochran et al. *v.* A. F. Wimberly et al.

1. Vendor's lien—Mechanic's lien—Priority of lien—Extinguishment of lien. R., on the 16th of October, 1866, sold and conveyed land to Wimberly, for $18,000, and took his notes for the purchase money, payable in annual installments, and reserved in the body of the deed, a lien upon the land. On the 1st of November, 1866, Wimberly conveyed the land to his wife. Wimberly afterwards employed Williamson to make repairs on the houses, and in the meantime paid $6,000 of the purchase price. Williamson filed his petition to enforce his mechanic's lien on the building and lands. Pending this suit Wimberly and wife sold and conveyed the lands to R. for $13,500, being $1,500 more than remained unpaid on the land; and R., by an amended petition, was made a co-defendant. *Held:* 1st. That R.'s lien for the $12,000 of the purchase money unpaid, was superior to that of Williamson's. 2d. That R.'s purchase from Wimberly and wife at $1,500 more than the amount due him was an extinguishment of his lien, and a concession, on his part, that the land was worth that sum over the amount due him. 3d. That said purchase placed him precisely in the attitude occupied by Wimberly and wife toward Williamson, as to the $1,500. 4th. That Williamson's claim attached as a lien to that extent on lands and buildings, and that he was entitled to execution accordingly.

2. Mechanic's lien—Liability of tenants.—Where a mechanic erects buildings and the premises are sold and conveyed before he brings his suit, or files his contract for record, and the purchaser has no notice of the lien, he will take the lands discharged of the lien. If the building be erected under contract with a tenant or other person not being the owner of the land, then the building or estate of the tenant or other person shall be subject to the lien unless the building be erected with the written consent of the owner of the land. This lien originates at the time the contract is made.

Error to the circuit court of DeSoto county. Vance, J.

The facts are sufficiently stated in the opinion of the court.

Plaintiffs assign for error, that the court below erred in not giving the plaintiffs a lien on the land for the sum of fifteen hundred dollars, the amount found by the jury.

*Powel & McKenzie,* for plaintiffs in error.

It is true that Rutland did have a lien for the payment of twelve thousand dollars. Six thousand dollars of the purchase money had been paid by Wimberly to Rutland. Then Wimberly had an interest in the land, to which plaintiff's lien would attach, and such an interest as defendant, Rutland, was willing to purchase and pay for, long after plaintiffs commenced their suit. Can a party who has a prior lien, or a superior lien, without resorting to a judicial tribunal, purchase the property at private sale, with full notice of a prior lien, and thus defeat it? We think not. It is settled here, that where a vendor has given bond for title, and assigns one of the notes for the purchase money, and subsequently makes an absolute deed to his vendee, of the land, the lien of the assignee will not be defeated. See Parker v. Kelly, 10 S. & M., 184. Inasmuch as Rutland fixed the value of the interest of A. S. Wimberly and wife, in his purchase from them, at fifteen hundred dollars, we think the court should have given us a lien against the land, to that amount.

But if we are mistaken, and plaintiffs had no lien against said land to the extent of the interest that A. S. Wimberly and wife had, after the satisfaction of the vendor's lien, and this being in the nature of a proceeding in equity, and as the amount of Rutland's lien against the land was not defi-

nitely fixed. The court should have had a reference to the clerk, to ascertain the amount thereof.

*White & Chalmers*, for defendant in error.

The only error assigned is, that the court below erred in not giving the mechanics a lien on the land on which was located the house repaired by them.

This is no error. The record shows that Wm. C. Rutland, one of the defendants in error had a vendor's lien on the land, superior to and older than that of the mechanics, and that this lien was for an amount ($12,000) greater than the whole value of the land. This was secured by deed of trust duly recorded long before the mechanics' labor was done, and was therefore superior to it. Pending these proceedings, this deed of trust was foreclosed privately between the parties, by Wimberly and wife conveying the land to Rutland. This defeated the mechanic's lien, certainly as to the land, and we think as to the house, which was repaired also, but inasmuch as Rutland has taken no appeal, he cannot, perhaps, complain in this court, of the judgment subjecting the house to the mechanic's lien.

SIMRALL, J.:

J. J. Williamson filed his petition in the circuit court of DeSoto county, asserting a lien on a building and lands, against Wimberly and wife, other parties claiming a lien on their respective applications, were made parties plaintiffs. Pending the suit, Wimberly and wife sold and conveyed the property to Rutland, who by amended petition, was made a defendant. It appears that Wimberly had purchased the property, for the price of $18,000, from Rutland, and had given notes, in several annual installments therefor, which are specifically described in the deed. Rutland retained in the face of the deed a lien upon the property for the payment of the said several notes, having been paid six thousand dollars of the purchase money. There remained due $12,000. Wimberly conveyed the property to his wife.

At the same time, there was pending a suit in the chancery court, by Rutland against Wimberly and wife, to foreclose this equitable mortgage, and subject the land to pay the balance due upon it. The date of the deed from Rutland to Wimberly is the 16th October, 1866, recorded 27th January, 1867. The date of the deed from Wimberly to his wife, is 1st November, 1866, recorded 30th January, 1867. The deed from Wimberly and wife to Rutland is dated January, 1868.

The jury found a special verdict, ascertaining what was due the several plaintiffs, the substance of the facts just recited; and that the mechanical work and lumber was done and supplied with the consent of Mrs. Wimberly, and submitted to the court, whether the law gave a lien on the land and house, or on the latter alone, the court declared that the lien existed on the building; condemned it to be sold and ordered special execution.

It is complained in this court that they ought to have a judgment declaring a lien on the land.

In the case of Buchanan v. Smith & Barksdale, 43 Miss., 90, we considered the several provisions of the mechanic's lien law, and came to the conclusion, that in certain circumstances there might be a lien on the buildings erected, whilst there was none on the land. We held in that case, that if the premises were sold and conveyed, before suit was brought by the mechanic, or before he had filed his contract for record in the proper office, and without notice of the lien, that the purchaser took the land discharged of the lien. If a building be erected by a tenant, or other person not being the owner of the land, then the building or estate of the tenant, or other person, shall be subject to the lien, unless the building be erected with the written consent of the owner of the land. Rev. Code, 327, art. 3. The 13th article is germain to the same subject; on a sale made by the sheriff, " his deed shall convey to the purchaser, such estate therein as the owner or builder had (as the case may be), at the time when the lien under which the sale is made attached thereon

subject to prior incumbrances, and shall convey the buildings in the same manner as if the buildings alone were sold. It is necessary, therefore, to see what estate Wimberly and wife, or the wife, had in this property at the time the lien attached, and also what claims or incumbrances on it existed in favor of Rutland. Rutland had a lien as equitable mortgagee to the extent of the unpaid purchase money. Mrs. Wimberly had the legal estate, subject to this incumbrance. The special verdict finds that T. A. Wimberly contracted with Williamson, the latter part of October, and that the work was done, and materials furnished from the 1st of November, 1866, to the 1st of March, 1867. In Bell & Passmore v. Cooper, 26 Miss., 652, it was said that the lien originated from the time the contract was made. This is founded in manifest propriety; for as said by the court, " the mechanic, after making his contract, might proceed to provide materials at great expense, and prepare much of the work for erection, but before the same could be put upon the premises, other liens might be created, which would subject him to great loss."

The incumbrance in favor of Rutland, is prior to the lien in favor of Williamson, and would be entitled to prior satisfaction. But Rutland did not purchase back the land until after the institution of this suit by Williamson, and was a purchaser with notice of Williamson's claim. At the date of Rutland's purchase, the premises were incumbered with two liens, one in his favor to the extent of $12,000, the balance of the original purchase money due to him from A. T. Wimberly, the other the lien in favor of Williamson. The latter, attached to such interest as A. T. Wimberly, or his wife, had in the land, which was the premises subject to the lien of the vendor. Rutland purchased from Mrs. Wimberly, pending his suit to foreclose his equitable mortgage, and pending this suit, to which he was a party. The defense he makes is, to rely upon his incumbrance, claiming that its existence precluded Wimberly and wife from creating a mechanic's lien upon it. This is true to the extent that they could impose upon the land no charge which could defeat his

prior equity.    But subordinate to that they were competent to mortgage the premises, or impose a mechanic's lien, or otherwise dispose of them, coming in by purchase and assignment under Wimberly and wife.    Rutland assumed precisely their attitude in respect to the mechanic's lien. As against him, the vendor's lien will be treated as an incumbrance, superior to Williamson's, and in this order the premises should be chargeable with payment.    Rutland having paid, or agreed to pay, to Mrs. Wimberly, $1,500 over and above the debt due to him, thereby concedes that the property was worth that much more than his debt.    That excess of value is the precise extent of the mechanic's lien, and to that extent, the property in the hands of Rutland is liable to the mechanics.

In a previous case, we have said that these proceedings are more like suits in equity than at law, and such special judgments may be rendered as will mete out justice according to the law and the facts.

Wherefore, we reverse the judgment in the special verdict, and remand the cause, with directions to subject the premises in the hands of Rutland, to the extent of $1,500, with interest from the date of his purchase, if so much shall be necessary to satisfy the amounts ascertained to be due to the several mechanics and material men.