## LUCRETIA IVEY *v.* JOHN WHITE.

1. MECHANIC'S LIEN — TO WHAT IT EXTENDS. — Such liens extend to and take hold of the freehold, if such was the nature of the estate, and is superior to subsequent incumbrances.    Otly v. Haviland, Clark & Co., 36 Miss. R., 37; McLaughlin v. Greene, 48 Miss., 202.    If there be a prior incumbrance, the lien will be operative on the buildings and erections, but not upon the land itself.  Buchanan v. Smith & Barksdale, 43 Miss., 90.

2. SAME — ITS BEGINNING — RIGHTS OF PURCHASERS UNDER IT. — Such liens begin either from the date of the contract or from the commencement of the work on the ground towards the erection of the buildings. Bell v. Cooper, 26 Miss. R., 650. The purchaser, under such special judgments, acquires the privileges and benefits of the lien, and his title relates back to the lien, and is invested with its advantages, so as to defeat incumbrances and conveyances made by the judgment debtor subsequent thereto.    Cochran v. Wimberly, 44 Miss., 505; Lambert v. Elder, 44 Miss., 88.

3. SAME — CLAIM OF WIFE. — Where the legal title is in the husband, and he incumbers it for its improvement, without notice to the mechanic of the wife's claim, and there was an actual sale under judgment for a debt due the mechanic to one who bought without notice, and conveyed to his vendee, also without notice. Against these parties the secret resulting trusts, if proven, could not be set up.    Boon v. Barnes, 23 Miss. Rep., 188.

ERROR to the Chancery Court of Chickasaw County.    Hon. AUSTIN POLLARD, Chancellor.

The opinion of the court contains a statement of the case.

*A. H. Hundy*, for plaintiff in error :

1. The alleged judgments did not bind the property as against the title conveyed by the deed to Scoggins. At all events the judgments could only have that effect by Scoggins being made a party as required by the code, p. 328. It is not pretended that he was so made a party.

Thus the sheriff's sale was ineffectual to carry a valid title to Denton, under whom complainant claims ; and the bill to remove clouds upon his title cannot be maintained. 39 Miss., 796 ; Glazier v. Bailey, 47 Miss., 395.

2. But in 1860, Mrs. Ivey paid the money advanced by Scoggins as a consideration for the deed of 1857 to him, and in consideration of that payment, Scoggins then executed a deed to Mrs. Ivey, which vested in her the complete legal title. This money was paid by her after her husband's death, from her own means. Mrs. Ivey having therefore both the legal and equitable title, the complainant has no claim.

3. It appears that the title to the property was conveyed by Waldrop to John Ivey by two deeds — one for the lot known *as Mrs. Ivey's lot*, about which there is no controversy, and the other for the " *Frank White lot*," so called, which is the subject of this suit. It is fully proved by Waldrop, complainant's own witness, that he made the deed to the "Frank White" lot to John Ivey, but that the money or consideration was wholly paid by Frank White, Ivey paying nothing for it, and the deed being made to him as a security against his liability as surety for Frank White for the hire of a blacksmith. This is all the proof in the record as to Ivey's title to the " Frank White " lot, and it establishes a simple, naked legal title *in Ivey, in trust for Frank White*, which was not divested by the sheriff's sale. It is through that sale that the complainant claims as the source of his title; and it is clear that this did not constitute him the " rightful owner " of the property, within the sense of the statute, so as to enable him to maintain this bill to remove clouds and doubts upon his title.

Jayne v. Boisgerard, 39 Miss., 796 ; Huntington v. Allen, 44 Miss., 654 ; Glazier v. Bailey, M. S., Oct. term, 1872.

*Sale & Dowd,* for defendant in error :

1. Forcible entry and unlawful detainer is simply an action for the possession, and does not involve the title to property. Spears v. McKay, Walk., 265 ; Loring v. Willis, 4 How., 383 ; Buford v. Nolan, 30 Miss., 427. The bill was filed to enjoin this proceeding. It was a proper case, therefore, for the interposition of a court of equity. Banks v. Evans, 10 S. and M., 35 ; Ezelle v. Parker, 41 Miss., 520; Glazier v. Bailey, 47 Miss., 395; Huntington v. Allen, 44 Miss., 654.

2. Plaintiff in error cannot raise questions in this court that were not made in the court below. Ferguson v. Applenhite, 10 S. and M., 304 ; 27 Miss., 239.

3. The judgment was conclusive against all the parties to it and their privies, and a sale under it vested such a complete legal title as to authorize the purchaser to file a bill to remove clouds upon his title. Cocke v. Lane, 3 S. and M., 763. The recitals in the sheriff's deed are evidence of the facts stated therein. Ib. Irregularities of the sheriff in advertising or conducting the sale, will not affect the title of a *bona fide* purchaser. Minor v. City of Natchez, 4 S. and M., 602. No irregularities in the judgment or execution will affect the title of a *bona fide* purchaser. Doe v. Natchez Ins. Co., 8 S. and M., 197 ; City of Natchez v. Minor, 10 ib., 246 ; Cockrell v. Wynn, 1 S. and M., 117.

The lien of a mechanic commences from the date of his contract and not from the time he commenced to perform it; and it will be prior to all incumbrances and conveyances subsequent to the date of the contract who have notice, and the pendency of a suit to enforce the lien is notice to a subsequent purchaser or incumbrancer. Bell v. Cooper, 26 Miss., 650; 36 Miss., 19; McLaughlin v. Green, 48 Miss., 175. A purchaser at sheriff's sale gets all the rights of the judgment debtor, and may invoke in his support all the protection and defense to which the judgment debtor or cred-

itor is entitled, being by his purchase substituted to all his rights. Lambeth v. Elder, 44 Miss., 80; Cocke v. Lane, 3 S. and M., 763.

The general policy of our law shields a *bona fide* purchaser from all liens and equities of which he had no notice. 2 Story Eq., §§ 1502–1504; 1 ib., §§ 64, 108, 119, 381, 409, 434, 630, 631; Lambeth v. Elder, 44 Miss., 87; Dickson v. Green, 24 ib., 612; 23 ib., 136.

4. Mrs. Ivey's deed from Scoggins was made on the 2d of March, 1860, when the land was in the actual adverse possession of T. J. Denton, and is therefore void. Davis v. Herndon, 39 Miss., 504, 505; Brown v. Lipscomb, 9 Port., 472; Dunklin v. Wilkins, 5 Ala., 199.

SIMRALL, J., delivered the opinion of the court:

The record is unnecessarily prolix and voluminous, which serves to obscure, rather than to elucidate, the real controverted issue.

Both parties trace title back to H. Woldrop as a common source.

The complainant claims through a sheriff's sale, made in 1868, to one Denton, under two judgments recovered against John Ivey, the husband of the defendant, in suits brought by a mechanic and a material man, asserting and maintaining a mechanic's lien on the premises in controversy. The successive transfers of the property are as follows: The sheriff, under the judgments to Denton, who, in 1861, sold and conveyed to Shepperd, who, in 1865, conveyed to the complainant White. The title came from Woldrop to the judgment debtor Ivey.

The defendant, Mrs. Ivey, claims title as follows: In 1857, February 28th, she and her husband conveyed to Scoggins, who conveyed to her March 2d, 1860; the latter deed was recorded April 6th, 1860, the former August 31st, 1857.

The testimony proves that Denton, and the subvendees under him, including the complainant White, have been, under their deeds, in the possession of the premises.

10

The records of Chickasaw county were destroyed, or greatly mutilated and injured, by the conflagration of the court house during the late war, so that it was impossible to produce a complete transcript of the record of judgments, under which Denton purchased. It appears that these were special proceedings, claiming the mechanic's lien, which were sustained and vindicated by the judgments. Such lien extends to and takes hold of the freehold, if such was the nature of the estate, and is prior and superior to all subsequent incumbrances. Otley v. Haviland, Clark & Co., 36 Miss. Rep., 37; Buchanan & Smith v. Barksdale, 43 Miss., 90; McLaughlin v. Green, 48 Miss., 202. If there be a prior incumbrance, the lien will be operative on the buildings and erections, to the exclusion of the prior lien, but not upon the land itself. (Cases cited.)

Such lien begins either from the date of the contract. Bell v. Cooper, 26 Miss., 650. Or from the commencement of the work on the ground towards the erection of the building. 48 Miss., 204 (*supra*). The purchaser under such special judgment, acquires the privileges and benefits of the lien, and his title relates back to the lien and is invested with its advantages, so as to defeat incumbrances or conveyances, made by the judgment debtor subsequent thereto. Cochran v. Wimberly, 44 Miss., 505; Lambeth v. Elder, ib., 88. It would follow, therefore, that Denton could refer his title acquired, by the sheriff's sale and deed, back to the time when the mechanic's lien was created, and from that time it would be superior and prior to subsequent incumbrances and conveyances, suffered or made by the judgment debtor Ivey.

The contract with Armstrong, reserving the lien for lumber, is dated March 4, 1856. It is admitted that the judgments were obtained in 1856 or 1857; the precise date not known. The conveyance from Ivey and wife to Scoggins is dated February 28, 1857, who conveyed to Mrs. Ivey April 6, 1860. It is therefore manifest that the mechanic's liens are older than the title derived by Mrs. Ivey through Scoggins, and is the better title, unless its superiority should be overcome for other reasons.

Mrs. Ivey insists that her husband could not incumber the property with the mechanic's lien at all, because the purchase was made in the first instance from Woldrop with her means.

This position is hardly sustained by the testimony. It seems that the deed was made by Woldrop to Ivey at the request of White, for the reason that Ivey was the surety for White, who subsequently paid the purchase money to Woldrop.

However that may be, the legal title was in Ivey the husband, who incumbered the property for its improvement, without notice to the mechanics of the wife's claim. And there was an actual sale under judgment for these debts to Denton, who bought without notice, and conveyed to his vendee, also, without notice. Against these parties, the secret resulting trusts, if proved, could not be set up. Boon v. Barnes, 23 Miss., 138. No question is made by counsel, in this court, that the sheriff's sale was not made at the proper place, or that it was fraudulently conducted.

The decree is affirmed.