CHRISTIAN NEWELL v. E. L. CRIDER et ux.

1. PRACTICE — CHANCERY — BILL TO SET ASIDE A CONVEYANCE. — Crider conveyed to Norton a tract of land for $400, on credit. While so indebted, Norton purchased a tract of land from Newell, on credit also, and conveyed a portion of it to Crider, in payment of the $400. Newell enforced the vendor's lien against all the land sold to Norton, had it sold and became the purchaser, then filed a bill against Crider to set aside the deed from Norton to Crider. There was nothing to show to Crider, or give notice that the purchase money to Newell was unpaid, the deed was in the ordinary form, acknowledging the receipt of the purchase money. *Held*, that Crider was a *bona fide* purchaser.

APPEAL from the Chancery Court of Lincoln County. Hon. E. G. PEYTON, Chancellor.

The facts in this case will be found sufficiently stated in the opinion of the court.

*Chisman & Thompson*, for appellants :

"Taking property in payment of a pre-existing debt does not make the buyer a purchaser for valuable consideration, in the eye of the law, as against one holding a prior equity." S. & M. Miss. Ch. Rep., p. 45.

"A purchaser who takes a conveyance in payment of a preexisting debt from the grantee is not entitled to protection against the prior creditors of the grantor, for there the conveyance places him in no worse situation than he was before, and the creditors would have the stronger equity. The purchaser must have advanced a new consideration upon the faith of the estate conveyed, or have relinquished some security for a debt previously due him."

Agr. Bk. v. Dorsey, Freeman Ch., 338; Dickerson v. Tillinghast, 4 Paige, Ch., 215; Governier v. Fritz, 4 Paige Ch., 347; Coddington v. Bay, 20 John., 637; Upshaw v. Hargrove, 6 S. & M., 286; Boon v. Barnes, 23 Miss., 136.

If a party take specific property in satisfaction and discharge of a pre-existing debt, *which is thereby extinguished*, he is a *bona fide* purchaser. Love v. Taylor, 26 Miss., 567; 16 Peters, 1, 16. The conveyance of the lands to the Criders by Norton, under the circumstances of this case was a fraud on them, and no payment. Their debt is still good. Hoopes & Bogart, v. Newman, 2 S. & M., 71; Swartwout v. Payne, 19 Johnson, 294; Markle v. Hatfield, 2 Johnson's, 455; Blake & Willis v. Morrison, 33 Miss., 123; Perkins v. Swank, 43 Miss., 349. Wilful ignorance is not to be distinguished in its equitable consequences from actual knowledge. Kerr on Law of Frauds and Mistakes, 237; Jones v. Smith, 1 Ha., 55; 1 Ohio, 244; Owen v. Homan, 4 H. L., 997, 1035; Pringle v. Phillips, 5 Sandf., 157.

*T. J. & F. A. R. Wharton,* for appellees:

It will be perceived that there is a total failure of the proof adduced by the appellants to establish the fact that Mrs. Crider or her husband, the appellees, had any notice whatever, either actual or constructive at or before her purchase or the payment of the money, of any equitable lien or claim, or pretense of such lien or claim held by the appellant, Mrs. Newell, as vendor. On the contrary, the appellees have conclusively established the negative of the proposition, viz., that she had no such notice nor any possible information which should have put her upon inquiry at to the existence of any such claim or lien.

The case falls within none of the rules laid down by this court in reference to the notice which will bring subsequent purchasers — such as that a vendee is bound to take notice of all incumbrances which are recited in the title deeds of his vendor, and under which he derives title, and he cannot insist on want of notice of such recitals, by denying that he read them, as in

Wailes v. Cooper, 2 Cush., 208 ; Gordon v. Sizer, 10 Geo., 805. And so when a purchaser cannot make out his title but by a deed which leads to another fact, he is chargeable with notice of the fact as in 2 Geo. 324.

There were no recitals in deeds, no proceedings of court of record, no admissions or declarations of any party which affect Mrs. Crider with such notice.

Your Honor may apply to this case the rules laid down in Parker v. Foy, 43 Miss., 260, a case going to the fullest extent the doctrine was ever carried in England or the United States, and in which the law was thus declared : " Whatever is sufficient to *excite attention*, or put a party on inquiry, is notice of everything to which such attention or inquiry might naturally lead."

There is not a scintilla of evidence adduced by the appellants to support the allegation of the bill, that Mrs. Crider had any notice of nonpayment of the purchase money by her vendor, Norton, to his vendor, Mrs. Newell, whilst it is emphatically denied in the answer and the depositions of Norton and the appellees. Norton states distinctly, that it was quite impossible that she should have had any such notice ; that the day after he bought from Mrs. Newell he sold and conveyed to Mrs. Crider, and there is nothing in the deed from Mrs. Newell to Norton which could have excited inquiry with Mrs. Crider if she had seen it, because on its face it avers payment of the purchase money.

Again, the fact that Mrs. Crider paid the full market value of the land, paid it *bona fide*, rebuts any suspicion of notice of existence of the money lien. It is equally rebutted by the fact, that Miller, brother of Mrs. Crider, let his half of the land, held with Mrs. Crider, go in the same way to Norton, so that every fact and circumstance conclusively establishing the ignorance of Mrs. Crider of any lien of Mrs. Newell, and there is a total absence of anything held in Parker v. Foy to be sufficient to put upon inquiry. Every requirement of that case is fully met in this.

Remarking upon purchaser having notice before execution of deed or payment of purchase money, the court say : " In order to his protection the purchase must be complete before notice of the prior equity. To make it complete, there must be, on the one side an execution of the conveyance, and on the other, a payment of the whole of the purchase money, and the protection will be denied if the notice be given before the transaction is complete in either particular."

The testimony of Norton states most positively that, not only was the trade with Mrs. Crider made and consummated, but the money paid and deed made to her the next day after his purchase from Mrs. Newell. Mrs. Crider, in her deposition, swears that she had not a suspicion when she bought, paid the money and took a deed from Norton, that the latter had not fully paid Mrs. Newell his purchase money.

We have never known a bill brought to enforce a money lien against a sub-vendor, on the ground that he had notice his vendor had not paid his purchase money, which was so wholly unsupported by law or evidence. We ask that the decree be affirmed and the bill dismissed.


TARBELL, J., delivered the opinion of the court :

Mrs. Crider sold and conveyed to A. J. Norton a tract of land, for which the latter agreed to pay $400. It does not appear whether a vendor's lien was reserved in terms, or other security taken, nor even whether notes were executed by Norton ; but simply that he owed Mrs. Crider $400 for land sold and conveyed to him by her and her husband. While so indebted to Mrs. Crider, Norton opened negotiations with Mrs. Newell, for the purchase of a tract of land of her. Pending this negotiation, Norton informed the Criders of its pendency, and that, when consummated, he would convey to Mrs. Crider, in payment of his indebtedness to her, a specified number of acres, out of the tract for which he was thus negotiating. Accordingly, having received a

deed from Mrs. Newell, he proceeded with it to the Criders, when, as he had promised, he executed a conveyance to Mrs. Crider of a parcel of the tract conveyed to him by Mrs. Newell. There was nothing on the face of the deed from Mrs. Newell to Norton, reciting the reservation of the vendor's lien; nor was there anything to show that the purchase money was in whole or part unpaid; but, on the contrary, the deed was in the usual form, acknowledging receipt of consideration. Whether or not the purchase by Norton of Mrs. Newell was on a credit, did not appear in the deed, nor by any writing; nor, as far as the record discloses, was the matter spoken of or mentioned by any one from first to last. In fact, however, Norton purchased of Mrs. Newell on a credit. Neglecting to pay her, she proceeded to enforce her vendor's lien by a suit in chancery, wherein she obtained a decree for the sale of the entire tract conveyed to him. To this proceeding, the Criders were not parties. The land having been sold under the decree, and Mrs. Newell becoming the purchaser, she instituted this proceeding to set aside the deed from Norton to Mrs. Crider, as a cloud upon her title. The chancellor decreed adversely to Mrs. Newell, whereupon she appealed to this court. The final decree is the only error assigned, and is based on the sole argument that Mrs. Crider is not a *bona fide* purchaser from Norton.

The facts have been substantially stated. They may be recapitulated. Whether Norton purchased of Mrs. Newell on a credit was not disclosed by the deed from her to him, and exhibited to both the Criders; nor by any writing; nor by any conversation, or remark, question, rumor or observation of any sort whatever. To a question why he did not inquire as to the fact, Mr. Crider said it was, or he considered it none of his business. It is manifest, from the record, that there was a very searching investigation in the court below upon this branch of the case, yet, as far as can be seen, without discovering or developing any grounds for putting the Criders upon inquiry even, while actual knowl-

edge is emphatically negatived. If, then, Mrs. Crider is not a *bona fide* holder of the title from Norton, as against the equity of Mrs. Newell, it must be upon the fact, which is most earnestly pressed by counsel, that the conveyance from Norton to Mrs. Cri-·der was in consideration of a pre-existing debt which, it is testi-fied, was canceled by the Criders upon receipt of the deed from Norton, and in consideration thereof. The testimony is, that the debt to Mrs. Crider was " canceled and extinguished."

The argument is earnestly pressed by counsel, but the question involved is understood to be definitely settled in this state, in ac-cordance with the decree now sought to be reversed. Love v. Taylor, 26 Miss., 567; Perkins v. Swank, 43 ib., 349; Hinds et al. v. Pugh, 48 ib., 275.

The testimony brings the case at bar fully within the doctrine of the cases cited. In consideration of the conveyance from Nor-ton to Mrs. Crider, the indebtedness of the former to the latter was " canceled and extinguished." This constitutes a new and valuable consideration, and, under the facts of this case, creates Mrs. Crider a *bona fide* purchaser according to the cases cited. Perkins v. Swank was not intended to, nor does it in any respect modify the rule declared in Love v. Taylor. So far from this, the former follows the latter literally.

In Hinds v. Pugh, it is said : " And all the authorities agree, that if the creditor relinquish a pre-existing security for his debt, that will constitute him a purchaser for a valuable consideration, and, if that be so of the security merely, *a multo fortiori*, must the relinquishment of the debt itself have that effect ? " Thus the rule in the case stated is clearly defined in this state. Love v. Taylor is based on Swift v. Tyson, 16 Peters, 1, and no objections to the reasoning in the former are regarded as well founded. This will doubtless finally settle the question involved, so far as our own state is concerned.

The question now disposed of was not presented in Rowan & Harris v. Adams et al., 1 S. & M. Ch. R., 45; nor did Ag. Bank

v. Dorsey, Tremain Ch. R., 338, turn upon this point, as will be seen by reference to the conclusion of the opinion of the chancellor, on page 344. The cases of Coddington v. Bay, 20 Johns. R., 637, and of Dickerson v. Tillinghast, 4 Paige Ch. R., 215, cited by counsel, are clearly distinguishable from the one at bar. Those cases state merely the now well recognized distinction between the cancellation and extinguishment of a prior debt, and, on the other hand, of its payment, which operates as a security only. See, also, Governeur v. Titus, 6 Paige, 347. It is unnecessary to point out the dissimilarity between this case and the cases of Upshaw v. Hargrove, 6 S. & M., 286 ; Boon v. Barnes, 23 Miss., 136 ; Dunlap v. Burnett, 5 S. & M., 702, to which reference is made, as the distinction will readily appear upon inspection.

Decree affirmed.