## Leftwich *v.* Orne, *et al.*

Exceptions will not lie to an answer in aid of a plea.

If a purchaser rests his claim in equity on the fact of being a *bona fide purchaser* without notice, he must deny notice fully, precisely, and positively, even though it be not charged on the other side. He must also deny all knowledge of facts charged from which notice may be inferred. A general denial of notice is not sufficient.

The CHANCELLOR.

This case was submitted on exceptions to the answer of the defendant Orne, and on the sufficiency of his plea, denying notice of the complainant's title.

Exceptions will not lie to an answer in aid of a plea. 1 Smith's Pleading, 239–40. The facts alledged in the bill, to constitute notice are not denied in the plea, but a mere general denial of notice is averred. This is not sufficient.

If a purchaser rests his claim in equity on the fact of being a *bona fide* purchaser without notice, he must deny notice fully, precisely and positively, even though it be not charged on the other side. He must also deny all knowledge of facts charged, from which notice may be inferred. I find the rule thus broadly and rigidly laid down in 8th        , and it seems to be sustained by a current of decisions, both English and American. The reason why a general denial of notice is not sufficient, where facts and circumstances are charged, from which notice may be inferred, I take to be, that the party will not be permitted to be the judge, of whether such facts and circumstances are or are not evidence of notice.

A rule so vague and liable to abuse, can have no place in judicial enquiries, which are always to be guided by the highest attainable certainty.

It would be to commit the rule to the uncertain test of the mere opinion of the defendant, as to what amount of evidence would communicate notice.

I find the rule to be, that where, as in this case, the complainant seems to have anticipated the form of defence, and for the purpose of displacing the bar set up by the plea, states a variety of matters in his bill, which if true, would be evidence to counterprove the allegations of the plea, it is necessary to negative such matters, and to support the plea by answer as to such facts.   Thus the defendant Orne, averring affirmatively and generally that he had no notice of the interest of the complainant at the time of his purchase, he should by negative averments have denied all the matters stated in the bill, as evidence to defeat the bar set up in the plea.   These views are fully sustained by the case of Bogardus *v.* Trinity Church, in 4th Paige 178, where this branch of practice underwent an able and elaborate examination, at the hands of both court and counsel.

The plea must be overruled.