JONES ET AL. *v.* GRIMES ET AL.

[76 South. 735, Division A.]

1. CANCELLATION OF INSTRUMENTS. *Pleading. Bona fide in cumbrances. Demurrer.*

The *bona-fide* purchaser or incumbrancer for value defense is an affirmative one, and must be raised by plea or answer unless all

the facts necessary to establish it are alleged in the bill, in which event it can be raised by demurrer.

2. SAME.

Where a bill by the widow and children of a deceased grantor to cancel his deed, and trust deeds given by the grantee, alleged that after the death of the grantor the grantee executed certain trust deeds to defendants to secure loans for stated amounts, and that during such time plaintiff continued in possession, thus negativing knowledge or notice of plaintiff's claim on the part of defendant mortgagees, except such as would be implied from plaintiff's possession. In such case defendants could take advantage of their claims, as *bona-fide* incumbrancers for value, by demurrer.

3. MORTGAGEES OR BONA-FIDE PURCHASER. *Notice of claim of vendor. Possession.*

The exception to the general rule that possession of the land with claim of interest by the grantor is not, after the recording of a deed executed by him, notice to an innocent purchaser for value from his grantee of his claim or interest therein, is not subject to the qualification that where the possession of the grantor is long continued, a purchaser or mortgagee is put upon notice.

4. MORTGAGEE AS BONA-FIDE PURCHASER. *Notice. Possession by wife after husbands death.*

Even though it be conceded that the rule that possession of the grantor, after deed by him has been recorded is not notice of claim by him, is not applicable because the trust deeds sought to be cancelled were executed by the grantee after the grantor's death, and while the plaintiffs, the wife and children of deceased, were in possession, this will not avail plaintiff, where the wife joined in the deed by the husband, and the bill avers no change in possession of the land after her husband's death, such as would arrest attention and excite inquiry, but simply that the wife has continued in the use and possession of the property ever since.

5. MORTGAGEES. *Notice. Possession.*

Mortgagees to whom a grantee in a deed, gave trust deeds subsequent to the grantor's death, having no notice of plaintiff's claim except that plaintiffs were in possession of the land as wife and children of deceased, were bona-fide incumbrancers for value without notice of plaintiffs' claim.

APPEAL from the chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Bill by Katie Jones and others against Allen Grimes and others. The unnamed defendant filed demurrers which the court sustained, allowing an appeal to the supreme court to settle the law involved in the case.

The bill in this case was filed by the appellants, Katie Jones, John Jones, Jr., and Sarah Blackman, the widow and children of one John Jones, deceased. The bill alleged that during the life of said John Jones he and appellant Katie Jones, his wife, executed to Allen Grimes a deed, conveying certain lands owned by said John Jones; that they were deceived by said Allen Grimes into believing that the instrument executed was a will, whereby said John Jones was devising the property to his wife, he being at that time and for a long time previous an invalid. Both Jones and his wife were illiterate negroes; they acknowledged the instrument before a justice of the peace, making their marks, as they could neither read nor write. The bill alleges that the act of Grimes in procuring the execution of this purported deed was gross fraud, and conveyed no title to the property in question. After the death of John Jones, Sr., Grimes executed a deed of trust to L. S. Hirsch, trustee for Mrs. Laura Falk, to secure the sum of five hundred dollars loaned Grimes, and afterward executed another deed of trust to J. B. Dabney, trustee for J. L. Stinson, to secure a loan of three hundred and twenty dollars. During this time appellants had continued in possession of the property. Afterwards they discovered that the instrument which they supposed was a will was in fact a deed, conveying the property to Grimes. They alleged in the bill that they are the lawful heirs of John Jones, deceased, and they make defendants Grimes and the trustees and beneficiaries in the two deeds of trust referred to, and pray that all claim of any of the defendants be canceled and

held for naught, since the deed held by Grimes to the property was void, because of fraud practiced by him. Grimes answered the bill, denying fraud, and the holders of the two deeds of trust, and the trustees each filed demurrers, which the court sustained, and allowed an appeal to the supreme court to settle the questions of law involved. The case as to Grimes, who answered the bill, is still pending.

*Henry & Canizare* and *Anderson, Voller & Kelly,* for appellants.

*Burnini, Hirsch & Griffith,* for appellees.

SMITH, C. J., delivered the opinion of the court.

Two questions are presented by this record: First, Can the *bona-fide* incumbrancer for value defense be here raised by demurrer; and, in event that question is answered in the affirmative, second, does it appear from the bill that appellees are *bona-fide* incumbrancers for value without notice of appellants' claim of ownership of the land?

The *bona-fide* purchaser or incumbrancer for value defense is an affirmative one, and must be raised by plea or answer, unless all the facts necessary to establish it are alleged in the bill, in which event it can be raised by demurrer. *Greaves* v. *Atkinson,* 68 Miss. 598, 10 So. 73. The bill here under consideration alleges that appellees are incumbrancers for value, and that the notice they had of appellants' claim to the land is such as the law will imply, because of appellants' possession thereof at the time of the execution of the deeds of trust here sought to be canceled, thereby negativing knowledge or notice of such claim on the part of appellees from any other source, so that, in the event appellees were not charged with notice of appellants' claim to the land because of their possession

thereof, it will appear from the bill that appellees are *bona-fide* incumbrancers for value. The first question, therefore, must be answered in the affirmative.

It is admitted for appellee that: "While the general rule is that possession of land by one claiming some interest therein is notice to the world of the character and extent thereof, a well-defined exception to this rule is that possession of land, with claim of interest therein by a granter thereof, is not after the recording of the deed executed by him notice to an innocent purchaser for value from his grantee of his claim of an interest therein" but their contention is that this exception to this general rule is subject to the qualification "that where the possession of the grantor, after his conveyance of the land, is long continued, a purchaser or mortgagee of the land is put upon notice of such possession, and is legally bound to make inquiry as to the rights or claims of the possessor to the land, and such possession becomes notice to the purchaser or mortgagee of the occupant's claim and right to his possession, and thereby the original doctrine, that possession is notice, becomes operative," in which they are supported by several authorities. We cannot admit the soundness of this qualification, for so to do would be to allow a grantor to deny the validity of his deed which, by being recorded, has been published to all the world as conveying title to the grantee therein, and which has been relied upon by subsequent purchasers, and thus defeat one of the main objects of our laws regarding the recording of conveyances. *Hafter* v. *Strange*, 65 Miss. 323; 3 So. 190, 7 Am. St. Rep. 659; *Baldwin* v. *Anderson,* 103 Miss. 463, 60 So. 578, in which case the possession of the grantor was from the 15th day of July until the 7th day of June of the next year.

But it is said that the rule itself has no application here, for the reason that the deeds of trust sought to be canceled were executed after the death of John Jones, the owner of the land, and when it was in the possession

of appellees, his wife and children, the rule applying only to a grantor and not to persons claiming through him. This principle, conceding its soundness for the sake of the argument, cannot be availed of here, for the reason that Katie Jones was one of the grantors in the deed, and the bill avers no change in the possession of the land after her husband's death such as would arrest attention and excite inquiry, but simply avers that Katie Jones has "continued in the use and possession of said property ever since, believing that she was the lawful owner thereof," and "that complainants were, at the time each of said pretended deeds of trust were made and executed, living upon said property." That Katie Jones had no title to the land at the time of the deed to Grimes is not material, for by joining in that deed she necessarily joined also in its assertion that the title to the land was by it vested in Grimes.

The second question, therefore, must also be answered in the affirmative.

*Affirmed and remanded.*