BIG THREE LUMBER CO. INC., *v.* CURTIS.

[93 South. 487, No. 22772.]

1. MECHANICS' LIENS. *Superior to prior, but not subsequent incumbrances without notice, on the land on which houses erected.*
   Under section 3058, Code 1906 (section 2418, Hemingway's Code), a mechanic's lien upon the houses erected is effective and superior as as against prior, but not subsequent without notice, incumbrances upon the land.

2. MECHANICS' LIENS. *Purchaser acquires buildings free from prior incumbrance, and may remove them.*
   Under section 3069, Code 1906 (section 2429, Hemingway's Code), where the mechanic's lien judgment is for the sale of the buildings alone erected on the land subsequently to prior incumbrances, the purchaser at the sale will acquire the buildings free from the prior incumbrance, and may remove them with reasonable dispatch. This does not seem to be true, though we do not decide, where the building is merely repaired or where the lien is adjudged against the land, but in such cases the lien is subject to' the prior incumbrance.

3. MECHANIC'S LIENS. *Superior to claim for amount paid on materials.*
   The mechanic's lien against the buildings erected is superior to the claim of the prior incumbrancer 'for part payment by a subvendee and mortgagor of the land on the materials furnished in the erection of the buildings.

APPEAL from circuit court of Quitman county.
HON. W. A. ALCORN, JR., Judge.

Action by the Big Tree Lumber Company, Inc., against John Z. Curtis. From a judgment granting insufficient relief, plaintiff appeals. Reversed, and judgment entered.

*W. F. Gee,* for appellant.

The first three grounds of the motion was contended for and earnestly argued to the court below, and sections 2418 and 2420, Hemingway's Code, was read and discussed to the court, and as appellant understands, the motion was decided by the court on his construction of these two statutes, the court holding that, and rightly, that the case did not come under section 2420, as the defendants A. M. and A. B. Shelton were not tenants, and that the appellants were entitled to a lien against the houses if at all only under section 2418 of Hemingway's Code, and holding that the motion as made by the appellee, Curtis, should be sustained under the last clause of said section which reads as follows:

"Such lien shall take effect as to purchasers or incumbrancers for valuable consideration without notice thereof, only from the time of filing the contract under which the lien arose in the office of the clerk of the chancery court." And as appellee Curtis had lien on the land at the time the houses were built, and there was no consent shown by him to the purchase of the material and the building of the houses that he was an incumbrancer for value without notice. Appellants think the construction of the court on this part of the above-mentioned section is wrong, that this section has reference to innocents, incumbrancers after the building has been done, and not to holders of prior liens, who get the benefit of the increase in value of the land on account of the buildings being placed on the land covered by his lien.

Appellant thinks the wording of the section as copied shows this plainly, but if there is or should be any doubt about it, that the following part of section 2420, Hemingway's Code, makes it clear that it is right in its contentions. After stating that the officer shall levy on, advertise and sell, and if the sale be of the house, building, structure or fixtures alone, and the same shall have been erected or constructed and put on the land subsequently

to a former incumbrance on the land, the purchaser shall acquire the same free from such former incumbrances, etc.

Appellant thinks it made a complete case under our materialman's lien statutes and that the instructions of the court, verdict of the jury, and the judgment as entered thereon were correct and proper, and that the order sustaining the appellee's motion was error, that the above three sections of Hemingway's Code, the case annotated thereunder sustains this contention and that the order of the court on the motion of appellee should be reversed and the cause remanded.

*P. H. Lowery,* for appellee.

The appellee in this case is within the express letter and spirit of the statute which says that the lien shall take effect as to purchasers and encumbrancers for valuable consideration without notice only from the time of the commencement of the suit. The appellee was at the time the buildings were erected an encumbrancer and the notice provided necessarily means notice at the time he became an encumbrancer. In this case he could not possibly have had such notice, as the houses were built after the encumbrance was of record. He is within the letter of the exception as well as its spirit. The old statutes expressly gave the lien to the mechanic superior to a previous lien, but there is nothing in this statute resembling such a provision. If the legislature intended for the mechanic's lien to have precedence over a lien then existing it would have been easy to say so as was done in the former statute. The fact that such a provision was in former statute and is left out of present statute is strongly indicative of the purpose of the legislature to make the change. The fact that by the first statute in 1830 the lien was given over previous as well as subsequent liens, and by the amendment of 1838 the lien was given only superior to liens arising subsequently, and again in 1840, the lien was again

declared to be not subject to any other lien whatsoever, and by the present statute all encumbrancers without notice having priority over the lien, seems to me to be conclusive evidence that the legislature did not intend for a mortgagor to be allowed to put upon the land improvements which are a part of the freehold, subject to removal by the party erecting the buildings, after the mortgage had been foreclosed.

It is well settled that a tenant may make improvements which ordinarily would be a part of the freehold, and that he may remove them during his tenancy, but this is not the case with a mortgagor. The mortgagor cannot remove them and cannot authorize any one else to remove them and cannot so contract as to permit any one else to remove them without the consent of his mortgagee. This is particularly the case as between vendor and vendee, as expressly held in the *English case, supra.*

It will be observed that there was another change in this statute first appearing in the Code of 1871, which I think is very material here. In the case of *Buchanan* v. *Smith,* 43 Miss. 90, which was decided under the provisions of the Code of 1857, the court holds that the lien held on the buildings against a purchaser without notice, but that it did not hold on the land. His conclusion is based on that statute which provided (Code 1857, page 327, article 1) that the mechanic should have a lien on the buildings and the land, but followed this declaration with these words: "but such a lien on the lands shall only take effect as to the purchaser, etc., from the filing of the contract in this case the conclusion of the court is reached from the fact that the lien on the building held against purchasers and encumbrancers, but that it did not hold on the land because of this provision of the Code (43 Miss., at page 99). This case was followed in *McAllister* v. *Clopton,* 51 Miss. 257. At page 261 the court says: "It has been settled by several decisions that the lien of the mechanic is subordinate to prior encumbrances so far as respects the land," citing here the decisions under Code of 1857 and then fol-

lows: "But Brandon's lien was nevertheless good as against the buildings." Now it will be observed that in the Code of 1871, section 1603, the words "on the land" were left out making it read: "but such lien shall only take effect as to purchasers, encumbrancers, etc., from the time of the filing of the contract." This provision was brought forward into the Codes of 1880, 1892, 1906 and Hemingway, just as it is in the Code of 1871 on this point, providing that the lien should not take effect as to purchasers, encumbrancers, etc., on either the buildings or the land. It will be noticed that all of the authorities cited, and all of the cases so far as I have observed, on this particular point were decided under Codes prior to 1871. The case of *McAllister* v. *Clopton, supra,* was decided in 1875, but the controversy arose and the case was decided under the Code of 1857 as shown on page 261 of the opinion. The controversy arose out of a contract made in 1859. If these decisions are followed, the court must hold that as to purchasers and prior encumbrancers, the lien of the mechanic has no effect on either the buildings or the land, under the present statute, for the exception covers the buildings as well as the land in the statute as it now reads and has read since 1871.

As stated above, under the present statute, if the lien is good against the buildings it is good against the land also in this case, as the statute makes no distinction on this point. The only distinction is in section 2420, Hemingway's Code, which has no reference to building erected by the owner of the land. It is observed that counsel for the appellant concede that section 2420 has no application here because Shelton who had the houses erected was the owner of the land.

In the brief for appellant counsel discusses the sections intervening between sections 2420 and 2429. I think they are in error in their statement that by some of these sections all parties having liens on the land must be joined in the suit. Section 2423 provides that those having in-

terest in the controversy and those claiming liens "by virtue of the chapter" shall be made parties.

As heretofore said in this brief, section 2429 does not fix any rights, but only provides the manner and effect of a sale after the rights have been adjudicated under the former sections. That part referring to former encumbrances on the land quoted by counsel for appellant could only refer to cases where buildings have been put on the land by tenant, guardian, or persons not the owner of the land, for in no other instance is there any provision for limiting the lien to the buildings only. As already argued the only section of the code restricting the lien to the buildings and the interest of the tenant, etc., in the land, is section 2420, and as I contend and as counsel for appellant concedes, this section does not affect the right of the appellee in this case.

I think the later decisions of this court cited by appellant's counsel from the Southern Reporter do not materially bear upon the question here at issue, but in so far as they are persuasive, they tend to establish my contention. This is particularly so with the last case cited in 71 So. I think the case of *Hollis & Ray* v. *Isbell,* 87 So. 273, is in point here. This case involves the right of a mechanic repairing an automobile against a prior encumbrancer, and while the question is not identical, the reasoning in that case is good in this one.

Counsel for appellant put some stress upon the wisdom of the contention that the mechanic should have a lien upon the improvements, but in this case it is not a question of wisdom, but of law. It might have been wiser for the legislature to continue the statute of 1840, which gave the mechanic a lien which was not subject to any other lien whatsoever, but the legislature did not do so. Again it might have been wiser for the legislature to continue the provision of the Code of 1857, which gave the mechanic a lien upon the building as against all parties and only relieved the land in favor of purchasers and encumbrancers, but the legislature did not see fit to do that. The

question here as I understand it is the construction of the statute of 1871 which has been continued and is now found in Hemingway 2418, which makes no distinction between the land and the building, but exempts both in favor of encumbrancers.

Even if the appellant had a right to subject the building only, he has not brought a suit for that purpose and has not framed his pleadings so as to present that question. This was expressly held in *Schiaffino* v. *Christ,* 51 So. 546. Counsel argue that that case by implication holds that if the pleading had been so framed, the lien on the house alone would have been allowed. I think this conclusion is not correct, but however that may be, it would not touch this case at bar. In that case the building was erected by a person not the owner of the land and is covered by section 2420. Such is not true in this case.

I therefore respectfully submit that the court below was correct in its rulings and that this judgment should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is a suit to enforce a mechanic's lien on several houses for material furnished and labor done in their erection.

The question involved is whether the mechanic's lien is valid and superior as against the title of the purchaser at a foreclosure sale under a deed of trust given on the land, and duly recorded, prior to the erection of the buildings by the then owner of the land, and without the consent of the mortgagee.

In the case before us the land upon which the buildings were erected was sold by appellee Curtis to Mr. Cotton, and a deed of trust was executed by Cotton to Curtis to secure the purchase money. Cotton then sold the land to Shelton, who assumed to pay the purchase-money notes. Upon failure by Shelton to pay the purchase money, and after this suit was filed, the deed of trust was foreclosed,

and appellee, the original vendor, bought the land at the sale.

In the meantime, before foreclosure of the trust deed, Shelton, while owner, had these buildings erected on the land by the appellant lumber company, and paid part of the price for their erection, but there remained a balance of about eight hundred dollars still due the appellant for labor and material used in erecting the buildings. This suit was then filed to enforce the mechanic's lien against the buildings for the balance due thereon. The lower court finally allowed judgment against Shelton for the amount of the balance due, but refused an enforcement of the lien against the land or the buildings, and from this judgment the lumber company appeals.

Thus it appears that at the time these buildings were erected the appellee, Curtis, had a duly recorded deed of trust upon the land to secure the balance of its purchase price. The houses were built by the appellant lumber company under contract with Shelton, who was appellee Curtis' subvendee, and who was then the owner and in possession of the place; and the mortgagee Curtis did not consent to the erection of the buildings.

A decision of the question involves the consideration of sections 3058, 3060, and 3069, Code of 1906 (sections 2418, 2420, and 2429, Hemingway's Code), which provide a mechanic's lien and the method and extent of enforcement.

We shall not set out the different statutes, nor discuss them in detail, but will briefly give our conclusions as to their meaning and applicability in the case before us.

In the first place we shall eliminate from consideration the said section 3060, Code of 1906 (section 2420, Hemingway's Code), because it has no application here, for the reason that it is not a case where the erection of the house was "at the instance of a tenant, guardian, or other person not the owner of the land," but it is a case where the owner of the land contracted for the erection of the houses.

We construe section 3058, Code of 1906 (section 2418, Hemingway's Code), to mean the mechanic's lien as to

buildings erected is effective as against prior incumbrances upon the land, but not as to subsequent purchasers or incumbrances without notice. Therefore, when read in connection with section 3069, Code of 1906 (section 2429, Hemingway's Code), we think the mechanic's lien is superior to the prior incumbrance so far as the houses alone are concerned. The appellee purchaser at the foreclosure sale secured no greater right than that given by the deed of trust.

A careful reading of section 3069, Code of 1906 (section 2429, Hemingway's Code), will clearly reveal that where the judgment is for the sale of the buildings alone, which have been erected on the land subsequently to the prior incumbrances, the purchaser at the mechanic's lien sale will acquire the buildings free from the prior incumbrance; and he may with reasonable dispatch remove such buildings from the land. This does not seem to be true where the building is merely repaired, or where the lien is against the land; but in such cases the lien is subject to the prior incumbrance.

The history of the mechanic's lien statutes, together with the apparent purpose of them when read together, convinces us that it was intended a prior incumbrancer of land should not be injured in his security by a subsequent mechanic's lien for buildings erected thereon without his consent, but that the mechanic or materialman might enforce his lien against the buildings alone, and not the land, and remove them with reasonable dispatch, which removal would not impair the original security of the prior incumbrancer.

The point is made here that the appellee, Curtis, is entitled to the benefit of the amount paid by his subvendee to the appellant lumber company on the purchase price of the buildings. This contention might be correct if it were not for the phraseology of the statute. However, when the buildings are sold to satisfy the mechanic's lien the appellee owner of the land may bid the amount necessary to satisfy the mechanic's lien, and in that way he will re-

ceive the benefit of the amount already paid on the buildings by his vendee. He would become the sole and complete owner of the buildings by purchase at the sale, or by paying off the mechanic's lien.

In view of the conclusions reached above we think the lower court erred in refusing to enforce the mechanic's lien against the buildings alone for the balance due in their erection. Therefore the judgment of the lower court is reversed, and judgment will be entered here for appellant.

Reversed and judgment here for appellant.

*Reversed.*