HAMILTON BROS., INC., *v.* BAXTER *et al.*

(Division A. April 8, 1940.)

[195 So. 335. No. 34100.]

612

Edward I. Jones, of Bay St. Louis, for appellant.

**Gex & Gex** and **Conner & Conner,** all of Bay St. Louis, for appellees.

614

Griffith, J., delivered the opinion of the court.

On June 1, 1936, appellee Baxter was the owner of a hotel property, real and personal, known as Weston Hotel, in Bay St. Louis. On that date he executed to the Lamar Life Insurance Company a deed of trust covering said property, real and personal, together with all personal property which might thereafter be placed in the hotel. On or about October 6, 1936, Baxter made a contract with appellant by which the latter was to furnish and install in the hotel a stream boiler and an oil burner as a part of the heating equipment of the hotel. The installation was made by appellant, and the work concluded about October 31, 1936; and there was thence owing to appellant therefor the sum of $816, the contract price, all of which was later paid except $176, which has never been paid. There was a dispute of fact and the

issue was submitted to the jury as to when the money for the work and material became actually due; but, as we shall later point out, that issue was wholly immaterial and had no proper place in the case.

On July 1, 1937, all the balance being then admittedly past due, appellant filed its petition against Baxter to enforce its mechanic's and materialmen's lien, in which petition it described the equipment installed and sought a lien against the real property wherein the material was placed. On November 15, 1937, appellant filed an amended and supplemental petition, averring that since the filing of the original petition the property had been foreclosed by the appellee, Lamar Life Insurance Company, under the deed of trust, at which sale the Insurance Company had become the purchaser and had later conveyed the entire property to C. A. Reed. It was prayed that the Insurance Company and Reed be made parties, and that the lien be enforced against the aforementioned boiler and oil burner. Reed and the Insurance Company appeared and answered, urging the points that their title arose out of the foreclosure of the prior mortgage and which, because of its priority in date, was superior to the lien of appellant, and that the amended and supplemental petition filed November 15, 1937, presented a new cause of action which, so far as any lien was concerned, was barred because not filed within the time allowed by law for the enforcement of such a lien.

Nothing was said in the answer about whether the respondents had any notice of the materialmen's lien at or prior to the time of their respective purchases of the property; and the proof is silent on that point, except that it perhaps is sufficient to show that the Insurance Company had such actual notice or knowledge.

The facts are not sufficiently developed in this record to enable us to determine, with certainty, whether the boiler and the oil burner became, upon installation, real estate fixtures, or whether they remained chattels; but, if we consider them as a part of the realty, the proof

is sufficient to show that they were easily detachable, and, when so detached, could be immediately removed, and this without substantial impairment to the original security of the prior incumbrancer. Wherefore, under Section 2269, Code 1930, and notwithstanding the prior deed of trust, the boiler and oil burner would still be subject to the mechanic's and materialmen's lien, but not including the land. Big Three Lbr. Co. v. Curtis, 130 Miss. 74, 93 So. 487.

And, in this view of the case, the original petition filed within twelve months after the material was furnished and was installed, was sufficient; or if not, the amendment later made did not state a new cause of action. See Broom v. Southern Ry., 115 Miss. 493, 76 So. 525; and Illinois Cent. R. Co. v. Wales, 177 Miss. 875, 171 So. 536.

But the contract under which the material was furnished was not recorded, and so far as this record shows, no lis pendens notice was filed at the time the suit was instituted or afterwards. Consequently, if the property is to be considered as real estate fixtures, and if Reed was a purchaser for value without actual notice of the lien, he would take the property free of the lien. McKenzie v. Fellows, 97 Miss. 31, 52 So. 628.

If, on the other hand, we should consider the boiler and burner as having remained personal property, the materialmen's lien was enforceable as to that property so long as it remained in the hands of Baxter, or of one deriving title or possession through him with notice that the lien money or any part thereof was unpaid. Whatever may have been the arrangement of the sections in previous codes, the first twenty sections of the present code chapter on Statutory Liens, Chap. 44, Code 1930, deal exclusively with liens on personal property. The general personal property materialmen's lien is found in Section 2255, Code 1930, and by Section 2257, Code 1930, it is provided that lienholders, under Sec. 2255, who have parted with possession, ''shall retain their liens to the extent that is allowed in cases of liens for purchase-

money of goods [see Section 2239, Code 1930], and may enforce the same in like manner as is provided" for the enforcement of purchase-money liens, and Sections 2243-2253, Code 1930, are those which deal with the manner of enforcement.

It will be observed that there is no requirement that a suit to enforce the materialmen's lien as against personal property shall be filed within twelve months next after the time when the money became due, as is necessary when the suit affects real property as such, Sections 2258, 2262, Code 1930; but the personal property lien suit may be filed at any time short of the general statute of limitations so long as during that time the property ramains in the hands of the original lienor, or of one deriving title or possession through him, with notice that the lien money was unpaid. Section 2239, Code 1930.

In this case, however, there was no writ for the seizure of the property, which is an essential step in the enforcement in rem of a mechanic's lien against personal property when it is out of the possession of the person entitled to the lien. The mere filing of a suit and of an ordinary summons to a defendant does not operate as constructive notice to subsequent purchasers, under the general common-law doctrine of lis pendens, for the statute requires more than that to be done if the personal property itself is to be looked to or pursued. When the suit affects real property, a lis pendens lien must be filed, in order to affect a subsequent purchaser for value; and, as to personal property, the writ of seizure must issue, as a statutory equivalent of the lis pendens notice. Since, then, the filing of the original suit and a personal process to the defendant Baxter without more did not constitute constructive notice to Reed, the subsequent purchaser, the determinative question becomes: Was Reed a purchaser for value without actual notice of the lien and that the lien money or a part of it had not been paid?

If the subsequent purchaser, Reed, had actual notice of the unpaid lien money, he would be in the same po-

sition as respects the rights of the lienholder as had a lis pendens notice been recorded, or a writ of seizure executed. And the defense of being a purchaser for value without notice is an affirmative matter—the burden of allegation and proof is always on him who would avail himself of the advantages of that status, unless the fact appears from the allegations or proof made by the opposing side. In this record, so far as Reed is concerned, there is no such allegation or proof on either side; and in the absense of proof and a finding sustaining that proof, to-wit, that Reed was a purchaser for value without actual notice, appellant would be entitled to recover.

The case was tried in the circuit court on the theory finally therein adopted by both sides, that the lien was one on personal property, and that a suit to enforce such a lien must be begun in one year from the due date of the money, the defendants contending that the amendment made on November 15, 1937, was a new suit so far as any personal property lien was concerned and the plaintiff insisting to the contrary as respects the amendment; and the defendants contending that the lien money was due immediately upon completion of the work, and plaintiff averring that it was due in monthly installments thereafter. The correct issue as hereinabove pointed out seems never to have been in the minds of either party at the time of the trial. The sole issue submitted to the jury was as to the due date of the debt, an issue which had nothing to do with the case; from which it follows that the judgment must be reversed and the cause remanded.

Reversed and remanded.