BUCKWALTER *v.* McELROY.

In Banc. Jan. 24, 1949.

(38 So. (2d) 317)

Lyle V. Corey and Cameron & Wills, for appellant.

58

B. A. Duncan and Allan McCants, for appellee.

**McGehee, C. J.**

On February 6, 1946, the Financial Development Company advanced the sum of $8300.00 to Rawitz and Edelbaum, doing business as the Meridian Manufacturing Company, and received their promissory note for said amount, together with an agreement in writing that the note would be secured by a deed of trust on "after acquired property in the nature of machinery and equipment to be acquired by the makers and used in its manufacturing business on the second floor of the Meyer Building" at Meridian, Mississippi.

On June 6, 1946, the deed of trust above mentioned was duly executed and was filed for record on June 10, 1946. In the meantime, on May 17th and June 1st, respectively, the appellee, R. N. McElroy, performed labor and furnished materials in connection with the installation of certain fixed machinery and equipment belonging to Rawitz and Edelbaum and installed in the Meyer Building, and also furnished numerous articles of personal property such as fluorescent light fixtures, lamps, plugs, hooks, tube couplings, bushings, bolts, fuses, wiring, etc., in connection with the installation of such machinery. The debt therefor amounted to the sum of $242.48, exclusive of the tax, and only $73.36 thereof was for the labor, and a list of which materials is referred to in an agreed statement of facts on which this case was tried.

The deed of trust covered property, such as machines, typewriters, filing cabinets, desks, etc., in addition to the materials furnished by the appellee, and which were not constructed, altered, or repaired by him.

The question at issue in the case is whether or not the trial court was correct in holding that the mechanic and material-man's lien of the appellee had priority over the lien of the deed of trust.

We think that the question was carrectly decided in the affirmative as to all the labor performed and the materials and supplies furnished by the mechanic and installed by him; and no point is made no the failure of the trial court to separate these items from other property covered by the deed of trust when the chancellor ordered the deed of trust to be foreclosed and that this mechanic's claim of approximately $264.00 be first deducted from the proceeds of such sale.

Under the cases of Weiss, Dreyfous & Seiferth v. Natchez Investment Co., 166 Miss. 253, 140 So. 736, and Billups v. Becker's Welding & Machine Co., 186 Miss. 41, 189 So. 526, it was held, in effect, that our mechanic's lien statute, Section 2255, Code 1930, Section 353, Code 1942, does not merely give a mechanic the right to acquire through a legal proceeding a lien for labor done and materials furnished, but creates such a lien.

Therefore, the deed of trust was taken after the mechanic had acquired his lien and the Financial Development Company necessarily anticipated at the time it advanced the $8300.00 and took the note that it would be necessary that labor should be performed and materials furnished in order to create the security on which it intended to take its deed of trust. Moreover, in the agreed statement of facts it is recited that the labor and materials were necessary to complete the installation of the fixed machinery and equipment on which the deed of trust was later taken, so as to prepare such manufacturing plant for operation.

It is also stipulated in the record that at the time of the execution of the deed of trust, the Financial Development Company had no actual knowledge of the existence of the indebtedness then owing to the mechanic; and that the appellant, Buckwalter, had no actual knowledge or notice of the existence of the indebtedness to the mechanic at the time he purchased the note and deed of trust from the original holder after default had been made in

the payment of the indebtedness that was evidenced by the same.

However, it does not appear that the Financial Development Company, which was charged under the law with notice at the time it took the deed of trust that the statute had created a lien in favor of the mechanic, made any effort to ascertain whether or not the charges for such labor and materials had been paid. The property was then still in the possession of the owners, Rawitz and Edelbaum, and the lien existed in favor of the mechanic against the property in their hands; and if Section 353, Code 1942, is the applicable statute, the mechanic had the right to file his suit to enforce the lien if the debt to him should not be paid within thirty days from the time it was due, that is to say, thirty days from June 1, 1946, whereas the deed of trust was taken on June 6, 1946, as hereinbefore stated.

Section 353, Code of 1942, provides that ". . . any article constructed, manufactured or repaired for any person, and at his instance, shall be liable for the price of the labor and material employed in the constructing, manufacturing, or repairing the same; . . ." In Webster's Dictionary "construct" is defined as follows: "To put together the constituent parts (of something) in their proper place and order; . . ." The lien given a mechanic under this section may be enforced in the same manner as in cases of liens for purchase money of goods, and we are therefore of the opinion that the case of Weiss, Dreyfous & Seiferth v. Natchez Investment Co., supra, clearly decides the question involved in the present suit. Compare Broom & Son v. S. S. Dale & Sons, 109 Miss. 52, 67 So. 659, L. R. A. 1915 D, 1146, and Hamilton Bros. Co., Inc., v. Baxter, 188 Miss. 610, 195 So. 335.

A suit was filed in the County Court by the mechanic to enforce his lien within the time allowed by law, but the suit was abated upon motion of the appellant Buckwalter, after the latter had filed the present

suit in the Chancery Court for the appointment of a receiver, for the adjudication of the priorities of the respective liens, and for other relief. Having brought the suit in equity; the complainant must abide by the equities of the case, resulting from the fact that the mechanic's lien had been created in his favor without notice of the existence of the note and the agreement therein to subsequently give a deed of trust on the property.

Moreover, the deed of trust was given to secure a pre-existing indebtedness, and the lien thereof was purchased from the Financial Development Company by the appellant, Buckwalter, after default had been made in the payment of the indebtedness to such company. Hence the note and deed of trust were received by the appellant subject to the same equities that the mechanic would have been able to interpose against the Financial Development Company; and we think that all the equities are with the mechanic.

The decree of the trial court must therefore be affirmed. Affirmed.