JAY INDUSTRIES, INC. *v.* POWELL, et al.

March 15, 1954

No. 38738 57 Adv. S. 22 71 So. 2d 193

*Ebb J. Ford, Jr.,* Gulfport, for appellant.

*King & King,* Durant, for appellees.

ETHRIDGE, J.

Appellant, Jay Industries, Inc., seeking a mechanic's and materialmen's lien, filed this suit in the Circuit Court of Holmes County against appellees O. M. Powell and Mrs. V. L. Willis. Appellant is a corporation doing business under the firm name of Koolvent Metal Awnings. The petition for lien charged that defendant Powell ordered from plaintiff a metal awning for a filling station operated by Powell, in the City of Durant, and belonging to and in the possession of Powell, Mrs. Willis, and Pan-American Oil Corporation, hereinafter referred to as Pan-American, and that Willis and Pan-American are named because they own some interest in the property. The petition averred that the awning was made of aluminum, being 24 by 18 feet, that a balance was due on its purchase price of $675.40; and that the installation of the awning was necessary for the preservation and prevention of depreciation of the property of Powell and the other two defendants. It was charged that plaintiff was entitled to a purchase money lien upon the metal awning itself, under Code Sec. 337, and was also entitled to a mechanic's and materialmen's lien upon the awning, installed on September 19, 1950, building, and real estate, and also an in personam judgment against Powell. Per-

sonal process was served upon Powell and Mrs. Willis, but none was obtained upon Pan-American, the sheriff's writ reciting that he was unable to find a representative of that corporation in Holmes County. Under a writ of summons and seizure, the sheriff levied upon the awning itself. Powell made a forthcoming bond and retained its possession. Powell's answer denied that plaintiff had any lien.

On April 5, 1952, Mrs. Willis filed an answer, in which she admitted that she was the owner of the property upon which the awning was constructed. She averred that she had not authorized the construction, and that at that time Pan-American was the lessee of the property; and she denied that plaintiff was entitled to any lien. On April 8 plaintiff moved for and obtained a non-suit as to Pan-American. On April 9 Mrs. Willis filed a motion to dismiss the suit as to her. This motion was based upon two propositions: (1) She did not know of or consent to the erection of the awning, which is affixed to the land, its removal would damage the real estate by destroying the concrete island, and it would cost more than $500 to repair the realty damaged by its removal. (2) When the awning was erected, and at the time of the suit, Pan-American was the owner of the leasehold estate in the property from Mrs. Willis, and Pan-American is a necessary and indispensable party to the suit. Under Code Sec. 360, the suit to assert a lien must be filed within twelve months after the time when the money becomes due and payable; and since more than twelve months have now elapsed and plaintiff cannot now sue Pan-American, even though it is a necessary party, plaintiff cannot pursue this suit against movant in the absence of such necessary party.

Several witnesses were heard on this motion. Mrs. Willis owns the property subject to the Pan-American lease. She did not give permission to erect the awning, and did not know of it until she had returned from a five-month's visit to Tennessee. Powell was operating

the station and had his sign in front of it. Mrs. Willis erected the filling station building and the concrete aprons. Calvin R. King, an attorney of Durant testified that Powell was and had been for some years in charge of the station; that Powell at one time was his client but was not at the time of this hearing, and that Powell has abandoned the property, and sold his interest to Clements and others. He said that to his personal knowledge Pan-American had subleased the property to Johnson and Wiggley Oil Company, and that the latter had rented the property to Powell by an oral rental agreement. He thought that the removal of the steel posts embedded in the concrete would interfere with the further use of the property. Alvin H. Ervin testified for movant that he was in the concrete construction business; that the canopy is held up by four steel posts five or six inches in diameter; that to remove these posts would require loosening the surrounding concrete; that they are at least thirty-six inches in the ground and it would cost about $550 to remove the awning and the posts. He said that numerous defects in the concrete aprons would result from their removal, and described them.

For the plaintiff on the motion, D. W. Jalanivich, secretary of appellant, testified that appellant constructed this canopy under a contract with Powell. He and two helpers erected it in a day and a half. They bored four holes in the concrete eight to ten inches in diameter and excavated the dirt below it from twenty-six to thirty-six inches. The metal posts, four inches in diameter, were then set into these holes, and cement was poured around them. They then assembled the framework of the awning, and screwed and bolted it onto the four metal pipes so erected. In order to remove the canopy from the posts, it would take about an hour's labor to unbolt and unscrew the joints. In order to remove the metal posts, he would chop down three inches below the top of the concrete and fill the

hole with concrete. It would cost about $20 to remove the canopy and an additional $25 to remove the posts. He testified that appellant was seeking a lien only against the awning itself. He admitted that he did not receive the consent of Mrs. Willis or Pan-American to this construction. Mike Mitchell, in the sheet metal business, furnished the help for Jalanivich to erect the canopy. He confirmed the latter's testimony concerning the method of its erection. He said it would cost about $30 to remove the canopy, and another $30 to remove the posts. He did not think that it would injure the concrete to remove the posts.

At the end of this testimony, the motion to dismiss as to Mrs. Willis was sustained. The order dismissed plaintiff's petition as to her insofar as it concerned any mechanic's and materialmen's lien against "the real property or fixtures in question", but did not dismiss it as to Powell "as regards a judgment against the said Powell in personam." Thereafter, the plaintiff (on the merits against Powell) again introduced Jalanivich, who testified concerning the balance due by Powell. The court gave appellant a peremptory instruction against Powell for $695.66, and a final judgment so adjudicated Powell's personal debt to appellant.

Appellant argues that the trial court erred in rendering against Powell only an in personam judgment, without any lien against the awning; that it erred in holding that Pan-American was a necessary party, since the proof showed that it had assigned its lease to Johnson and Wiggley Oil Company, who had subleased to Powell; and that the canopy was a fixture which could be removed from the land without substantial injury to it, so the court erred in denying a lien against the canopy.

Code Sec. 361 provides that "All persons having an interest in the controversy, and all persons claiming liens on the same property . . . shall be made parties to the suit." The record reflects a lease of the

property from Mrs. Willis to Pan - American. King, testifying for appellee, said that Pan-American subleased the property to Johnson and Wiggley Oil Company, who by an oral rental agreement rented it to Powell, and that Powell had been in charge of the station for some years. This testimony is undisputed. Hence on this record Pan-American had subleased the property to another, who in turn subleased to Powell. The owner of the leasehold interest upon which a mechanics' lien is sought to be enforced is a necessary party to the suit. 36 Am. Jur., Mechanics Liens, Sec. 251. But the undisputed testimony shows that Pan-American, the original lessee, has assigned its leasehold interest to another, who in turn rented to Powell. So we do not think that on this record Pan-American was a necessary and indispensable party to the suit. If on the new trial it develops that in fact Pan-American is a necessary party, then it may be made a defendant. The 12-month limitation on liens under Code Sec. 360 does not apply to a mechanic's and materialmen's lien against personal property, the awning. Hamilton Bros., Inc. v. Baxter, 188 Miss. 610, 195 So. 335 (1940). And we hold that appellant's lien, if applicable in any respect, pertains only to the awning.

However, the trial court was correct in part in sustaining Mrs. Willis' motion to dismiss the petition, to the extent that appellant was seeking to enforce a lien upon the real property, the land and the building. Mrs. Willis did not consent either expressly or impliedly to the erection of the awning at the service station, so appellant cannot enforce the lien on the building or the land under Code Secs. 356-358.

 Appellant's petition for lien sought to enforce a lien against not only the real estate but also against the awning itself. Code Sec. 358 provides that if a fixture is erected at the instance of a tenant not the owner of the land, only the fixture and the estate of the tenant

in the land shall be subject to the mechanic's and materialmen's lien. Appellant must assert its lien, if at all, under this statute. The motion of Mrs. Willis to dismiss the petition as to her should have been overruled insofar as it denied to appellant the right to submit to the jury the question of whether this awning was liable to its lien, which necessarily would include the question of whether it could be detached and removed from the building without substantial injury or impairment to the premises. Chears Floor and Screen Company v. Gidden, 159 Miss. 288, 297, 131 So. 426 (1930); Hamilton Brothers, Inc. v. Baxter, 188 Miss. 610, 617, 195 So. 335 (1940). In other words, the trial court erred in sustaining the motion to dismiss insofar as it excluded from the jury the issue of whether under Sec. 358 appellant was entitled to a lien on the awning alone, and this issue would necessarily involve the question of whether the awning could be removed without substantial impairment and damage to the premises. If it could, then appellant was entitled to assert its lien against it. The judgment of the trial court is affirmed in part, insofar as it granted an in personam judgment against Powell and denied appellant a mechanic's and materialmen's lien on the filling station building and the land.

Affirmed in part and in part reversed and remanded.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.