RODGERS, Justice:
This case arose on a petition filed in the County Court of Warren County on December 12, 1963 to enforce a materialmen’s lien by the appellant, Enterprise Plumbing Company, Inc., on certain property described therein. The petition named as respondents Louise Laughlin, the building contractor; Bailey Mortgage Company, beneficiary under a deed of trust on the property; Sheppard Building Supply Company, Inc., a beneficiary under a deed of trust covering the _ property; Johnny and Mary Jo Covington, beneficiaries of a deed of trust on the property to secure the purchase price; and two individuals who were occupying the property at the time of filing suit but, having moved, are no longer necessary parties to this suit.
Upon the showing by the respondent Louise Laughlin that she had been discharged in bankruptcy (including her debt to the appellant) and that she had no interest in the property, the cause against her was dismissed. The county court rendered judgment in favor of the appellant holding that appellant was entitled to a lien on the property as against the remaining respondents in the amount of $889.60. The Circuit Court of Warren County reversed the lower court and rendered a judgment for the appellees denying the claim of appellant and assessing it with costs.
The salient facts involved are as follows. On July 19, 1962 Johnny and Mary Jo Covington, two of the appellees, conveyed Lot 28 of Skywood Subdivision No. 1 in the City of Vicksburg to Louise Laughlin, a building contractor involved in the construction of several houses, one of which was on the lot conveyed.
The appellant, Enterprise Plumbing Company, Inc., hereinafter called “Enterprise,” furnished materials to Louise *827 Laughlin for use in the house on Lot 28 during a period beginning October 29, 1962 and ending December 20, 1962. On November 8, 1962, Louise Laughlin executed a deed of trust on the subject property in favor of appellee Bailey Mortgage Company, hereinafter called “Bailey,” to secure a construction loan to be used in building a house on that lot. On December 13, 1962 Louise Laughlin executed the deed of trust in favor of appellees Johnny and Mary Jo Covington to secure the purchase price of the lot. On the same date a deed of trust on five or six lots, one of which is the subject property, was executed by Louise Laughlin in favor of appellee Sheppard Building Supply, hereinafter called “Sheppard,” to secure a debt of $17,-000. This latter deed of trust was made subject to the one in favor of the Cov-ingtons, which in turn was subject to the deed of trust in favor of Bailey.
The amount owed Enterprise by Louise Laughlin for materials delivered to the subject property after the last delivery on December 20, 1962 was $1,576.94. On January 14, 1963 Louise Laughlin paid Enterprise $800, leaving a balance due on this job of $776.94. On March 8, 15, 22, and 29, 1963 notice of foreclosure by Sheppard was published. On March 28, 1963 Enterprise filed its notice of a materialmen’s lien with the chancery clerk’s office in the Notice of Construction Liens book. On April 1, 1963 the trustee under the deed of trust in favor of Sheppard sold the property at public auction to Sheppard for $600. Louise Laughlin on May 2, 1963 filed a petition in bankruptcy, listing as claims against her estate the debts owed Enterprise, Bailey and Sheppard. On November 11, 1963 foreclosure on the property under the deed of trust in favor of the Cov-ingtons was had after proper publication and notice. At the public sale the Cov-ingtons bought the property for $2500.
On December 12, 1963 Enterprise filed its petition to enforce its materialmen’s lien, along with a lis pendens notice. Sheppard on January 20, 1964 quitclaimed its interest in the property to the Covingtons. The respondent Louise Laughlin was adjudicated a bankrupt, and on September 25, 1964 was discharged of her personal liability for all debts, including those of Enterprise, Bailey and Sheppard.
Enterprise contended on appeal (1) that it did all that was required of it by section 356 Mississippi Code 1942 Annotated (Supp.1966) within the time set out in the Code; (2) that Sheppard alleged as an affirmative defense that its trust deed was superior to the statutory lien held by Enterprise, but that it offered no proof to establish this claim; and (3) that the statutory materialmen’s lien of Enterprise is superior to the prior lien of the Coving-tons on the building, but not on the lot of land on which the building was constructed.
We discuss the contentions of the appellant in chronological order.
(1) We agree that the appellant established without contradiction that it delivered the building materials to the contractor within the twelve months before its action began and that they came within the statutory lien in accordance with section 356, Mississippi Code 1942 Annotated (Supp.1966).
(2) Appellant’s second contention is more complicated. The record reveals that the appellees filed an answer to the petition of the appellant, Enterprise, in which they alleged an affirmative defense as follows :
“9. By way of affirmative defense Respondents allege that the claim, if any, of Petitioners arose after the creation of the deeds of trust in favor of Johnny Covington and Mary Jo Covington, Bailey Mortgage Company and Sheppard Building Supply Company, Inc., and the foreclosure of the deeds of trust by Sheppard Building Supply, Inc., and the Covington’s (sic) operated to cancel the lien, if any, that the Petitioner may have had,, or claimed to have had, against the premises.”
*828 During the trial the appellant, Enterprise, introduced the contractor, Mrs. Louise Laughlin, and after having been shown the trust deed in favor of Sheppard, she was asked the following questions and gave the following replies:
“Q. It secures the sum here of $17,-000.00, is that not correct?
“A. That’s what it says.
“Q. Mrs. Laughlin, was that particular money * * * due and owing to Sheppard, at the time you executed this deed of trust?
“A. Yes, it was.”
This trust deed was dated and recorded the 13th day of December 1962, which was prior to the notice of materialmen’s lien filed March 28, 1963. We are therefore squarely confronted with the question: Does the mere fact that a trust deed is filed of record prior to the date when a mechanic or materialman files his notice of the statutory lien give priority to the recorded trust deed over the materialmen’s lien?
The pertinent part of section 356, Mississippi Code 1942 Annotated (Supp.1966) is as follows:
“(a) Every house * * * shall be liable for the debt contracted and owing, for labor done or materials furnished * * * about the erection, construction, alteration, or repairs thereof; and debt for such * * * construction shall be a lien thereon. * * * Such lien shall take effect as to purchasers or encum-brancers for a valuable consideration without notice thereof, only from the time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose, or notice thereof, in the office of the clerk of the chancery court, as hereinafter stated * * *
“(b) Each of the several chancery clerks of this State shall provide in his office, as a part of the land records of his county, a book entitled ‘Notice of Construction Liens’ wherein notices under this act shall be filed and recorded, and such liens, as provided hereunder, shall not take effect unless and until some notation thereof shall be filed and recorded in said book showing a description of the property involved, the name of the lienor or lienors, the date of filing, if and where suit is filed, and if and where contract is filed or recorded.”
The foregoing section gives the laborers and materialmen a lien upon the house constructed. It is equally clear that the lien is effective against all claims and liens from the “time of commencing suit to enforce the lien, or from the time of filing the contract under which the lien arose or notice thereof, in the office of the clerk of the chancery court” — except “purchasers or encumbrancers for a valuable consideration without notice thereof.” See First National Bank of Greenville v. Virden, 208 Miss. 679, 45 So.2d 268 (1950); Weiss, Dreyfous & Seiferth, Inc. v. Natchez Inv. Co., 166 Miss. 253, 140 So. 736 (1932).
Section (b) of the statute, supra, must be read and construed in the light of the meaning of section (a). Where section (b) provides that, “such liens, as provided hereunder, shall not take effect unless and until some notation thereof shall be filed and recorded in said book * * it refers to “purchasers or encumbrancers for a valuable consideration without notice thereof.”
Although the appellees set out, in their answer to appellant’s petition to establish a lien, an affirmative defense, they did not allege that they were “purchasers or en-cumbrancers for a valuable consideration without notice.” They rested their affirmative defense upon the proposition that their trust deeds were recorded prior to the time Enterprise filed notices of its lien in the office of the chancery clerk. They cited as authority to sustain their position section 869, Mississippi Code 1942 Annotated (1956).
*829 It is then argued by appellees that the mere filing of a prior trust deed is sufficient to establish superiority of lien over a materialmen’s lien. The appellees point out that the mechanics and materialmen’s lien was not recognized by the common law, and argued that before the lien can be valid under the present law the mechanics or materialmen must have taken the steps set out in the Code in order to make their inchoate lien valid.
We cannot agree with this contention. The statute is clear. It simply says that the mechanics and materialmen have a statutory lien on the house or structure for the debt incurred to build it against all persons having claims on the property whatsoever, except such lien shall not take effect as to purchasers and encumbrancers for value without notice thereof, unless the ma-terialmen have previously taken the steps to preserve their lien set out in the statute.
The appellees cite two Mississippi cases, Jones Supply Company v. Ishee, 249 Miss. 515, 163 So.2d 470 (1964), and Wortman & Mann, Inc. v. Frierson Building Supply Company, 184 So.2d 857 (Miss.1966), as authority for their contention.
The Ishee case has this to say about the trust deed on which the encumbrancer based his claim:
“This indebtedness was for the principal financing of such home, the loan being made only after Willhelm (the owner of the property) had executed an affidavit to the Association that there were no outstanding materialmen’s or mechanics’ liens on the property.” 249 Miss, at 521, 163 So.2d at 472.
The beneficiary under the trust deed brought itself within the exception set out in section 356, Mississippi Code 1942 Annotated (Supp.1966).
The second case, Wortman & Mann, Inc., supra, points out the fact that the claimant under the trust deed advanced the money to the contractor to build the building through title insurance attorneys, and that these attorneys obtained a statement from the contractor each time a loan was advanced to the effect that no indebtedness was due by them for materials and labor. These attorneys examined the record of the construction lien in the chancery clerk’s office before delivering to the contractor the funds advanced by Wortman & Mann. The lienholder did all it could to discover whether or not there was any outstanding indebtedness due for labor and material. In both of the foregoing cases the lien claimant established that the lienholder was an encumbrancer for valuable consideration without notice of a materialmen’s claim.
In the instant case the proof shows that the claim of Sheppard was based upon an outstanding indebtedness, and if we accept the appellee Sheppard’s contention that the trust deed was for a valuable consideration due to the fact that Sheppard extended the time of payment on an outstanding indebtedness (the correctness of which we do not decide), there is no proof in this record that the beneficiary in the trust deed was an encumbrancer without notice of the claim of materialman Enterprise.
When it is shown that the petitioner has a laborer’s lien or materialmen’s lien upon property constructed or repaired, those who claim to have superior liens as purchasers or encumbrancers for a valuable consideration without notice must specifically and affirmatively plead their lien. The burden of proof is upon one who claims to be an encumbrancer for value without notice, and he must show facts which will bring such claim within the exception set out in section 356, Mississippi Code 1942 Annotated (Supp.1966). See 57 C.J.S. Mechanics’ Liens § 308 (m) (1948).
In Hamilton Bros. Company v. Baxter, 188 Miss. 610, 195 So. 335 (1940), an insurance company held a prior deed of trust on a hotel in which the appellants installed a steam boiler and oil burner. The deed of trust was foreclosed and the property purchased by the insurance company, which *830 later sold it to one Reed. The appellant filed a petition seeking to enforce its lien against the building, naming as defendant the subsequent purchaser, Reed. There were no allegations in either the petition or the answer concerning any notice on the part of the subsequent purchaser, Reed. This Court held that the appellant was entitled to recover in the absence of proof by the subsequent purchaser, Reed, that he was an innocent purchaser for value. It was said by this Court:
“If the subsequent purchaser, Reed, had actual notice of the unpaid lien money, he would be in the same position as respects the rights of the lienholder as had a lis pendens notice been recorded, or a writ of seizure executed. And the defense of being a purchaser for value without notice is an affirmative matter, —the burden of allegation and proof is always on him who would avail himself of the advantages of that status, unless the fact appears from the allegations or proof made by the opposing side. In this record, so far as Reed is concerned, there is no such allegation or proof on either side; and in the absence of proof and a finding sustaining that proof, to wit, that Reed was a purchaser for value without actual notice, appellant would be entitled to recover.” 188 Miss, at 618— 619, 195 So. at 337.
It seems to be the general rule in the majority of jurisdictions, including Mississippi, that the right to protection as a bona fide purchaser is ordinarily regarded as an affirmative defense. Jones v. Grimes, 115 Miss. 874, 76 So. 735 (1917); Greaves v. Atkinson, 68 Miss. 598, 10 So. 73 (1891); Fox v. Coon, 64 Miss. 465, 1 So. 629 (1887); see Annot., 33 A.L.R.2d 1322 (1954). The claim of being an encumbrancer for value without notice is of such character that it cannot be proved by mere denial of the plaintiff’s allegation; and therefore defendant must plead it specially, for the plaintiff or petitioner seldom alleges that the defendant had notice of that the defendant was not an encumbrancer for value. Cf. Hiller & Co. v. Jones, 66 Miss. 636, 6 So. 465 (1889).
It is the general rule in the Chancery courts in this state that the proper way to plead the defense of an encum-brancer for value without notice is by plea, or answer, unless all the facts necessary to establish the defense are alleged in the original bill, in which event it may be raised by demurrer. Jones v. Grimes, supra; Greaves v. Atkinson, supra; Annot., 33 A.L.R.2d 1322 §§ 2-5 (1954).
In order to have claimed protection as an encumbrancer for value, the appel-lees must have alleged that their interest was acquired without notice of the outstanding lien and was acquired for value. See Leftwich v. Orne, 1 Freem. Ch. 207 (1844); Jenkins v. Bodley, 1 Smedes & M. Ch. 338 (Miss.1843); Chew v. Calvert, Walk. (1 Miss.) 54 (1818); Walker v. Gilbert, 1 Freem. Ch. 85 (1844). In other words, the appellees, in order to have claimed protection as encdmbrancers for value without notice, must have plead this matter specially in their answer.
Appellees in the instant case, in answer to the appellant’s contention that appellees failed to prove their affirmative defense, contend that their position is supported by section 1475.5 of Mississippi Code 1942 Annotated (1956). Section 1475.5(4) provides :
“4. If the defendant desire to prove by way of defense in action, any affirmative matter in avoidance, which by law may have been proved heretofore under special plea he shall set forth in his answer to the action such affirmative matter and incorporate such defense therein, otherwise such matter shall not be allowed to be proved at the trial; and said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action; and when such matter shall have been set forth in said answer, the plain *831 tiff shall, before the trial of the cause, file a written statement of any special matter which he intends to give in evidence in denial or avoidance of such special matter so given in the answer by the defendant, and to which it would have been necessary heretofore to reply specially had the defendant’s defense been specially pleaded; and if such special matter be not so alleged by the plaintiff, evidence of such matters shall not be given at the trial.”
The appellees contend that since the appellant did not file a written reply to the affirmative defense set forth in their pleadings, appellant could not present evidence on the trial which would be in avoidance to the affirmative defense. We can not agree with this contention.
Justice Griffith in his article entitled “The New Mississippi Civil Practice Act—Its Background and Effect,” 20 Miss. L.J. 1 (1948), defines the “matter which heretofore could constitute a plea” as a “fact or group of facts, omitted from the declaration, but which if alleged in the declaration, would have made it demurra-ble.” In the case at bar, the only facts which were set forth “by way of affirmative defense” were that the claim of the appellant arose after the execution of the deeds of trust and that foreclosure on these deeds of trust operated to cancel the lien of the petitioner. These facts, alleged as an affirmative defense, are not within the definition set forth by Judge Griffith. The appellees allege only that the claim of the appellant arose after the execution of the deeds of trust. This simply contradicts the allegation of the appellant in the petition by which it stated that its lien was prior to the claims of the appellees.
The. answer of the appellees does not meet the requirements of section 147S.S. Part 4 of this section provides in part: “[A]nd said answer shall fully set forth any special matter which the defendant intends to give in evidence in bar of the action * *
There are no allegations in the answer of the appellees concerning lack of notice on their part or the payment by them of valuable consideration. See Craft v. Bloom, 59 Miss. 69 (1881).
We are of the opinion from the foregoing authorities that the materialmen’s lien of the appellant, Enterprise, is superior to that of Sheppard and that the Sheppard quitclaim deed to Johnny Covington did not convey an unencumbered title to the property on which Enterprise had a lien.
(3) The third contention of appellant is that the appellant Enterprise has a ma-terialmen’s lien on the building on the lot belonging to Johnny Covington and wife, Mary Jo Covington. Appellant points out that the foreclosure of the trust deed from Louise Laughlin to Mr. and Mrs. Coving-ton did away with the foreclosure of Sheppard’s trust deed, since the Sheppard trust deed was subject to the Covington trust deed.
Appellant then argues that its material-men’s lien is superior to the title of Coving-ton on the house on which its lien attached.
It will be recalled that the appellant filed its notice of a materialmen’s lien on March 28, 1963. The appellant appeared at the sale of the Covington trust deed and gave notice to prospective purchasers on November 11, 1963, stating that Enterprise had a prior materialmen’s lien on the property then being sold. However, Mr. and Mrs. Covington became the purchasers, and such notice was not necessary.
It has been the rule in Mississippi for many years that a mechanics and ma-terialmen’s lien upon the building is superior to a lien upon the land made before the lien of the materialmen.
In the Big Three Lumber Company v. Curtis case, 130 Miss. 74, 93 So. 487 (1922), the Court held that under section 3069, Mississippi Code 1906 [which is our present section 367, Mississippi Code 1942 Anno *832 tated (1956)] that a “mechanic’s lien is superior to the prior incumbrance so far as the houses alone are concerned. The appellee purchaser at the foreclosure sale secured no greater right than that given by the deed of trust.” The Court went on to point out that under section 3069, Code of 1906, “the purchaser at the mechanic’s lien sale will acquire the buildings free from the prior incumbrance; and he may with reasonable dispatch remove such buildings from the land.”
The present section 367, Mississippi Code 1942 Annotated (1956) is the same as section 3069, Code of 1906, and it authorizes the purchaser at a sale under a “special writ of execution” to “enter and remove such house, building, structure, or fixture from the land with reasonable dispatch * * See the following cases on this subject: Otley v. Haviland, Clark & Co., 36 Miss. 19 (1858); Ivey v. White, 50 Miss. 142 (1874); McAllister v. Clopton, 51 Miss. 257 (1875); Hamilton Bros. Co. v. Baxter, 188 Miss. 610, 195 So. 335 (1940).
We are of the opinion, and so hold, that the judgment of the Circuit Court of Warren County in the case of Enterprise Plumbing Company, Inc. v. Louise Laughlin et al. should be, and it is hereby, reversed, and the judgment of the county court entered in the foregoing action is hereby reinstated, together with legal interest, so as to give the appellant here, Enterprise Plumbing Company, a lien upon the house located upon the lot of land therein described. The cause is remanded to the circuit court for proper proceedings to enforce, by special execution, the lien of Enterprise Plumbing Company.
Judgment of the Circuit Court of Warren County reversed; judgment of the County Court reinstated; and case remanded to the Circuit Court for proceedings in compliance with this opinion.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.