BERNSTEIN *et al v.* SCHELBEN.[*]

(Division B.  Jan. 17, 1927.  Suggestion of Error Overruled Jan. 31, 1927.)

[111 So. 97.  No. 26154.]

MORTGAGES.  *Mechanic's lien for repairs to machinery affixed to soil is secondary to mortgages of record at such time (Hemingway's Code, sections 2418, 2429, 2435).*

Under Hemingway's Code, section 2429 (Code 1906, section 3069), mechanic's lien for repairs to machinery affixed to the soil is secondary to that of mortgages of record at such time, since lien arises by virtue of section 2418 (section 3058), and not under section 2435 (section 3075) on theory that machinery is personal property.

*Corpus juris-Cyc. References: Mechanics Liens, 40 C. J., p. 289, n. 19.

APPEAL from circuit court of Washington county.

HON. S. F. DAVIS, Judge.

Suit by Fred Schelben against A. H. Bernstein and others. Judgment for complainant, and defendants appeal. Reversed and judgment rendered.

*Percy & Percy,* for appellants.

The appellee evidently erroneously prosecuted this action under the belief that the services rendered and materials furnished by him as mechanic occupied the same position as if such services were rendered and materials furnished in connection with personal property. The services were rendered and materials were furnished in connection with the repair of machinery affixed to the soil and were fixtures and such machinery was never in the possession of the appellee. Under the common law it was essential in order for the mechanic to maintain a lien that the machinery repaired by him should have been in his exclusive possession. 6 C. J. 1193. Our statute, section 2435, Hemingway's Code, does not enlarge the statutory rights of a mechanic but merely announces the common law and in addition thereto preserves the mechanic's lien under certain conditions when he has parted with the possession thereof. *Broom* v. *Dale,* 109 Miss. 52.

· The law with reference to the repair of fixtures is dealt with by sections 2418-2429, inclusive, Hemingway's Code. We call the court's attention particularly to the fact that prior to the time the services were rendered and material furnished, as appears from the agreed statement of facts, there were three mortgages on the land, one of said mortgages being subsequently foreclosed and the property bought in by A. H. Bernstein. Under the common law there was no lien in favor of a mechanic as against fixtures but such lien was and is declared under the provisions of section 2418. The subsequent section deals with the method of enforcing the lien and section 2429, which makes the provision for the sale of the fixture under this particular proceeding and which provides the only method of enforcing the judgment obtained by a mechanic or materialman who has performed services or furnished material in connection with the repair of a

fixture, provides if the fixture has been repaired sub-
sequent to a former encumbrance on the land, the pur-
chaser (at the execution sale) shall acquire the same,
subject to such encumbrance; and, further, the prior lien
of a mortgage is not affected unless the mortgagee con-
sented in writing to the repair of the fixture. In the in-
stant case it is expressly agreed that not only did the
mortgagee and trustees have no knowledge of the re-
pairs, but did not consent thereto. See *Big Three Lum-
ber Co.* v. *Curtis,* 130 Miss. 74.

We, therefore, contend that whatever lien appellee
may have had against the fixture was subordinate to the
mortgages which existed prior to the performance of
the services rendered in the repair of the machinery
and that the foreclosure of the prior encumbrance wiped
away any lien which Schelben may have had.

*Percy Bell,* for appellee.

The principle relied upon here is that stated in 6 C. J.,
pages 1138-39. The appellee claimed that when ma-
chinery of this kind was left in possession of the mort-
gagor to be operated, there was an implied agreement
on the part of the mortgagee that necessary repairs
thereto should be made in order to continue its opera-
tion and preserve its usefulness and that such repairs
would constitute a lien rising superior to the mortgage
lien. The rationale of this doctrine is, of course, clear.
The repairs preserved the security and enhanced it.
Had that not been done, the mortgagee would have had
a lot of useless junk on his hands instead of an operat-
ing plant.

In *Broom* v. *Dale,* 67 So. 659, 119 Miss. 52, the court
sustains a lien upon an automobile which had passed out
of possession of the mechanic. We direct the attention
of the court to the concluding paragraphs of that opinion.

The agreed statement of facts brings this case within the Broom case.

The same question was presented in *Orr* v. *Jackson Jitney Car Co.,* 75 So. 945. In *Hollis & Ray* v. *Isbell,* 87 So. 273, the court did not sustain the lien for the reason that there was no knowledge shown on the part of the vendor who retained title of the repairs, nor did the records show that the repairs increased the value of the machinery.

In the instant case we hold that the very nature of the case shows that the owners of the mortgage were bound to know that the machinery was liable to breakage and would require repairs and the implied consent for its repair would necessarily arise from the substance of the kind of security which they had.

In *Big Three Lumber Co.* v. *Curtis,* 93 So. 487, the court held that the mechanic's lien against the building erected should be sustained. Even though in that case the buildings were erected without the consent of the mortgagee, there could be no necessary implied consent in that case because the nature of the security did not contemplate its probable breakage and repair.

Counsel for appellant relies upon two propositions: (1) That the machinery which was repaired was affixed to the soil; (2) that the appellee parted with possession of the machinery repaired.

The court below was correct in its ruling and its judgment should be affirmed.

HOLDEN, P. J., delivered the opinion of the court.

This suit was brought to enforce a mechanic's lien against certain machinery, in a brick plant, which was repaired by the appellee, Schelben, while it was in the possession of the mortgagor. The land and machinery were subsequently purchased by the mortgagee, Bernstein, under a foreclosure sale; the mortgage being

against the land and the machinery, which mortgage was executed and duly recorded before the repairs were made by the mechanic.

The question presented for our decision is whether or not a mechanic's lien for repairs upon machinery in a brick plant operated by the owner, upon which a prior mortgage had been given, is superior to a lien of the mortgagee and purchaser at a foreclosure sale, where the repairs were necessary for the preservation and operation of the machinery, and where the machinery repaired "was affixed to the soil and was a fixture."

The agreed statement of facts in the case is as follows:

"Fred Schelben, doing business under the name of the Greenville Boiler & Machine Works, performed certain services for Juliet B. Hartshorn, who was, at that time, doing business as the Delta Brick Company. Said services were rendered over a period from February 7, 1925, to November 9, 1925, and consisted in welding various and sundry portions of the brick machinery plant, the furnishing of material, and the performance of services in connection with the repair of the various machines in the brick plant. The articles furnished and the repair and work done were all necessary for the preservation and continued operation of such machinery. The machinery repaired was affixed to the soil and was a fixture. At the time the service was rendered the machinery was in the sole possession and use of Juliet B. Hartshorn, and the legal title to the same was vested in her. The major machinery was at all times left in the plant, but the various portions which were broken and required welding together were removed by said Schelben and repaired in his plant and then returned to said brick plant and affixed to the machinery therein. The machinery repaired was never in the possession of said Schelben.

"The services rendered and repairs done amounted to three hundred sixty-six dollars and seventy-six cents, and on this account the following sums were paid: Octo-

144 Miss.—46.

ber 26, 1925, twenty dollars; October 31, 1925, fifty dollars; November 6, 1925, thirty dollars—leaving a balance due of two hundred sixty-six dollars and seventy-six cents. The charges made were fair and reasonable. From time to time as the services were rendered, the said Schelben charged the Delta Brick Company with the amounts due for the articles furnished, repairs done or services rendered, and statements thereof were, from time to time, rendered to the Delta Brick Company.

"On January 8, 1926, the said Schelben filed his declaration and petition in the circuit court of Washington county, Miss., seeking to enforce a mechanic's lien against the property repaired.

"At the time said services were rendered and said repairs were made, there were three mortgags on said property recorded in the chancery clerk's office of Washington county, Miss., one being in favor of H. L. Eustis, Agent, second in favor of Greenville Savings Bank & Trust Company, and third in favor of R. P. Sanders, vendor of Mrs. Hartshorn. For valuable consideration all three mortgages were during the year 1925 purchased by A. H. Bernstein, and the notes evidencing the indebtedness were transferred and assigned to A. H. Bernstein; the first and second mortgages being transferred and assigned to him on December 11, 1925.

"None of the mortgagees, nor A. H. Bernstein nor the trustees in said mortgages, at the times the mortgages were transferred and assigned to A. H. Bernstein, had any notice of or consented in writing to the repairs done, the material furnished, or the services performed.

"On January 11, 1926, the mortgage in favor of H. L. Eustis, agent, was foreclosed, and the property was legally sold and brought in by A. H. Bernstein and G. W. Gillen, and a deed conveying said property was executed on said date and delivered to A. H. Bernstein and G. W. Gillen, which deed was duly recorded in the chancery clerk's office of Washington county, Miss., and the title

to said property is now vested in the said A. H. Bernstein and G. W. Gillen.

"All the services rendered, material furnished, and labor done were done in pursuance of the verbal contract with Juliet B. Hartshorn, owner and mortgagor in possession of the property at that time.

"It is further agreed that the following issues are presented by this agreement, and it is not necessary for the defendant to file any pleas.

"(1)   Whether or not Fred Schelben has a mechanic's lien against the property repaired.

"(2)   If the said Fred Schelben did have a mechanic's lien, was such lien superior to the liens of the said three mortgages?

"(3)   If Fred Schelben had a mechanic's lien and such lien is a prior lien to the said three mortgages, whether or not the purchase on December 11, 1925, by A. H. Bernstein of the indebtedness and the assignment of the mortgage to him did not render him a *bona-fide* purchaser or mortgagee without notice and thereby he acquired a prior lien.

. "The trust deeds above mentioned cover the land, building, and fixtures.  The mechanic's lien is sought only to be enforced against the machinery repaired."

The lower court held that the mechanic's lien was superior to the mortgage lien, and was enforceable against the machinery in the brick plant for the repairs done thereon, upon the theory, we suppose, that the machinery was personal property, and that a lien for the repairs was given under section 3075, Code of 1906; section 2435, Hemingway's Code, under which statute the case of *Broom* v. *Dale*, 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146, was decided.

But we think the court was in error in treating the machinery here involved as personal property, because the agreed statement of facts shows positively that it was affixed to the soil, a fixture, and was therefore real es-

tate; and we think that if a lien existed against the machinery for repairs done thereon, it was a lien given under section 3058, Code of 1906, section 2418, Hemingway's Code; and if it be conceded that this action is under the latter section, then the lien on the machinery, a fixture, would be subordinate to that of the mortgage, because, under section 3069, Code of 1906, section 2429, Hemingway's Code, it is provided that the lien of a mechanic shall be subject to the prior incumbrance; the statute, in part, providing:

"But if the house building, structure or fixture so sold, or sold with the land, shall have been simply altered or repaired subsequently to a former incumbrance on the land, the purchaser shall acquire the same subject to such incumbrance."

It will be observed, therefore, that the mechanic's lien, under this section, is secondary to that of the mortgagee; and, as the record in the case before us shows that the appellant Bernstein purchased the property at a foreclosure sale under the mortgage, he takes title free of any mechanic's lien for repairs done or material furnished. *Big Three Lumber Co.* v. *Curtis,* 130 Miss. 74, 93 So. 487.

The principle announced in *Broom* v. *Dale, supra,* is sound, but it applies only to personal property that has been repaired for its preservation and operation. The principle that the mechanic's lien is superior to prior liens does not apply to repairs on machinery which is part of the real estate, so far as prior incumbrances are concerned, unless by written consent.

In the case of *Big Three Lumber Co.* v. *Curtis, supra,* the opinion indicates that the security given by a prior mortgage upon real estate is not to be impaired by a subsequent mechanic's lien for repairs. Buildings wholly constructed upon mortgaged property may be removed therefrom to satisfy a judgment for their construction, but there is no provision giving a superior lien to me-

chanics or materialmen for repairs upon a building as against the lien of a prior mortgage.

In *Moorhead* v. *Walker,* 133 Miss. 63, 97 So. 486, in discussing the question of liens upon automobiles for repairs done thereon, with reference to the rights of the owner as against the mechanic's lien for repairs reasonably necessary for the preservation and operation of the property, we reviewed *Hollis* v. *Isbell,* 124 Miss. 799, 87 So. 273, 20 A. L. R. 244, *Broom* v. *Dale, supra,* and other cases decided by this court which were, apparently, in conflict; and it is our opinion that, in the case at bar, the fact the machinery repaired was a fixture, was real estate, differentiates it from the other cases referred to; and while the agreed statement of facts shows that certain parts of the machinery here involved were disconnected and taken to the shop of the mechanic, there welded and repaired, and then carried to the machinery at the brick plant, placed in position, and connected with the major part of the machinery, this does not alter the fact, agreed to by counsel, that the machinery was a fixture and part of the real estate.

We think the rule announced is a proper construction of the law, and is, probably, the better rule to follow. There must be a limit as to how far the mechanic's lien for repairs will be extended as against a prior mortgage upon the property, where the repairs are necessary for the preservation and operation of the machinery, which may be personal property, or real estate. We say that if it be real estate, the lien of the prior mortgages will be superior to that of the mechanic's lien for mere repairs done, but, otherwise, if the repairs are necessarily done for the preservation and operation of the personal property.

The judgment of the lower court is reversed, and judgment entered here for appellant.

*Reversed, and judgment for appellant.*