ETHRIDGE, Chief Justice:
This case involves questions of the priority between a first purchase-money deed of trust and a subsequent mechanics’ lien; and if the mechanics’ lien is subordinate, whether it nevertheless is superior to the purchaser with notice of a trustee’s deed which foreclosed a second deed of trust. This appeal is taken under the authority of Mississippi Code 1942 Annotated, section 1650.5 (Supp.1968), so for the purposes of this appeal we consider it as if the Chancery Court of Clay County had decided all issues against appellant. We hold that although complainant Ziller’s mechanic’s lien is subordinate to the first deed of trust, it is superior to and enforceable against the purchaser at the foreclosure sale of the second deed of trust.
On January 9, 1964, Clay Development Company, Inc., conveyed to Southern Inns, Inc., the property involved in this case, reserving a vendor’s lien and on the same date Southern Inns executed a first purchase-money deed of trust on this property to the vendor, Clay. On April 27, 1964, Southern Inns, in consideration of refinancing, executed a renewal deed of trust to Clay. On January 24, 1964, after Clay’s first deed of trust was recorded, Southern Inns, the new owner of this motel property, which had formerly been a Holiday Inn, entered into a contract with Ziller for the “refacing, rewiring and overhauling (of the) existing Holiday neon sign * in accord with a sketch prepared by Ziller. This sign was embedded in concrete and stood on a small piece of land leased from Cities Service Oil Company. This lease was the property of Southern Inns.
On July 6, 1964, Clay Development Company assigned to the Bank of West Point, Trustee for the Bryan Brothers Packing Company Salaried Employees’ Retirement Plan Trust (called Bryan Brothers), the first deed of trust, the note, and the vendor’s lien. On May 31, 1966, the Deposit Guaranty National Bank of Jackson was substituted as trustee-beneficiary of the Bryan Brothers Trust.
On November 11, 1965, Southern Inns executed a second deed of trust with C. C. McRae as the beneficiary. McRae had been a director of Southern Inns since its incorporation and was active in its management. McRae had full notice and actual knowledge of the rights of Ziller under the sign contract of January 1964. The financial condition of Southern Inns became progressively worse; it defaulted in its obligations, including the sign contract with Ziller, and eventually went into bankruptcy.
McRae began foreclosure of his second deed of trust, with the date of sale set for October 1, 1966. Upon learning of this pending foreclosure, Ziller attempted to give notice to prospective purchasers of his rights with respect to the sign. Since the contract was not acknowledged, he could not record it, but his attorney on the day before the sale filed a notice of a mechanic’s and materialman’s lien. Further, Ziller’s attorney notified the trustee in the second deed of trust of his claim, and at the sale the trustee announced the existence of Ziller’s lien. J. S. Atkins was present at the foreclosure sale and purchased this motel property, which he later conveyed to Atkins Motel Company, Inc., the stock of which is wholly owned by J. S. Atkins, his wife and son. Atkins bought the property, on foreclosure of the second deed of trust, subject to any outstanding prior liens, and paid other mechanic’s and materialmen’s liens, but declined to pay Ziller for the balance due on the sign contract. Nevertheless, at the time of trial Atkins apparently was operating the motel with the sign in front. Atkins conceded that he had some other repairs and alterations made to the sign and “just converted it” to his own use for his motel.
*411 i.
The 1964 contract between Ziller and Southern Inns was for refacing, rewiring and overhauling the existing Holiday Inn sign in order to change it to “Southern Inn.” It is a printed form and purports to be a sale of the sign, with title retention in the asserted seller, Ziller. However, this sigua was already in existence, embedded in concrete, on the Southern Inns property; Ziller did not sell it. Although Ziller furnished a substantial amount of materials and labor, the nature of his work was repair and alteration rather than new construction, within the meaning of Code section 367.
The word “repair” in some instances means the restoration of an originally existing condition, after decay, injury, dilapidation, partial destruction, or obsolescence. Webster’s Third New International Dictionary (1961) at page 1923; Black’s Law Dictionary at page 1462 (4th ed. 1951). However, in.practical terms “repairs often involve more or less construction, and a betterment or improvement as compared with the original condition.” Gulf, M. & N. R. Co. v. Madden, 190 Miss. 374, 200 So. 119 (1941). In addition, the sign was altered in its format and wording. Ziller’s work on the existing sign conforms more to altering and repairing than to new construction.
Moreover, the sign was large and firmly embedded in concrete, and therefore was a fixture rather than personal property. A fixture is something which is affixed or attached as a permanent appendage or structural part of the land. Webster’s Third New International Dictionary at page 861 (1961). A fixture was originally personal property, but by reason of its annexation to or use in association with real property has become a part of the realty as by means of concrete, plaster, nails, bolts or screws. 35 Am.Jur.2d, Fixtures § 1 (1967); Black’s Law Dictionary at page 766 (4th ed. 1951). This may often be a question of fact determined by the circumstances surrounding the annexation to the land. Love v. Union Central Life Ins. Co., 168 Miss. 408, 150 So. 794 (1933). Here the facts are undisputed.
The third major clause of Mississippi Code 1942 Annotated section 367 (1956) states that if a fixture has “been simply altered or repaired subsequently to a former encumbrance on the land, the purchaser shall acquire the same subject to such encumbrance, unless the encumbrancer consented in writing to the alteration or repairs * * (Emphasis added). The owner of the Bryan Brothers deed of trust did not consent in writing to the alteration or repair of the sign, which was a fixture. Hence under Code section 367 the lien-holder and any purchaser on execution by sale of the lien would acquire the property subject to the Bryan Brothers’ first deed of trust.
Bernstein v. Schelben, 144 Miss. 717, 111 So. 97 (1927), is controlling on this point. Schelben brought suit to enforce a mechanic’s lien against certain machinery in a brick plant, which was repaired by Schel-ben while it was in the possession of the owner-mortgagor, Hartshorn. The machinery repaired was “affixed to the soil and was a fixture.” Prior to the repairs Hartshorn executed three mortgages on the property, which on foreclosures were purchased by Bernstein. The mortgagees had not consented to the repairs.
The trial court was held to have erred in treating the machinery repaired as personal property; it was a fixture. Hence if a lien existed against the machinery for repairs it was a lien under what is now Code 1942 section 367. The Court then stated:
* * * [A]nd if it be conceded that this action is under the latter section, then the lien on the machinery, a • fix *412 ture, would be subordinate to that of the mortgage, because, under section 3069, Code of 1906, section 2429, Hemingway’s Code (Code 1942 section 367), it is provided that the lien of a mechanic shall be subject to the prior incum-brance; * * *.
It will be observed, therefore, that the mechanic’s lien, under this section, is secondary to that of the mortgagee; and, as the record in the case before us shows that the appellant Bernstein purchased the property at a foreclosure sale under the mortgage, he takes title free of any mechanic’s lien for repairs done or material furnished. * * *
The principle that the mechanic’s lien is superior to prior liens does not apply to repairs on machinery which is part of the real estate, so far-as prior incumbrancers are concerned, unless by written consent. (144 Miss, at 724, 111 So. at 98).
Hence Ziller’s asserted mechanic’s lien is subordinate to the first deed of trust of L. F. Sams, Trustee, and the Deposit Guaranty National Bank of Jackson, Trustee for the Bryan Brothers Trust. See generally, Sumners, Priority Between Deed of Trust and Subsequent Mechanics’ Lien, 30 Miss. L.J. 254 (1959).
II.
Subject to the Bryan Brothers deed of trust, Ziller has a mechanic’s lien on the sign and the land superior to the interest of Atkins Motel Company, Inc., owner of the property known as Southern Inns.
Although Atkins Motel Company and J. S. Atkins are appellees to this appeal, they filed no brief in reply to that of appellant. The failure to file a brief is tantamount to a confession of error, and would of itself justify a reversal as to these appellees. United States Fidelity & Guaranty Co. v. State, ex rel. Tompkins, 204 So.2d 852 (Miss.1967).
However, on this record it is appropriate to render judgment here for Ziller against Atkins Motel Company. Under Code section 356 a fixture which is repaired and the land thereof is liable for the debt contracted and owing for the labor and materials furnished. Miss.Code 1942 Ann. § 356 (Supp.1968). Only purchasers or encum-brancers for valuable consideration without notice are excepted from the mechanic’s lien. J. S. Atkins and Atkins Motel Company, Inc., are not innocent purchasers. They bought the property at foreclosure of the second, McRae mortgage with notice of the existence of Ziller’s lien. Enterprise Plumbing Co. v. Bailey Mortgage Co., 209 So.2d 825 (Miss.1968).
Hence the decree of the chancery court as to Atkins Motel Company is reversed, and judgment is rendered here imposing a mechanic’s lien on the sign and the motel property in favor of Ziller for the balance owed him for repair of the sign, plus accrued interest. This cause is remanded to the chancery court solely for the purpose of enforcing by execution the amount owed for the debt represented by the mechanic’s lien upon the property of Atkins Motel Company.
Affirmed in part, as to the first deed of trust, and reversed and judgment rendered here for appellant against Atkins Motel Company, Inc., and remanded for enforcement of mechanic’s lien.
PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.