United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60296

In the Matter of:   SUPERIOR BOAT WORKS INC.

Debtor

-------------------------------------------------

SUPERIOR BOAT WORKS INC.,

Appellant,

versus

MISSISSIPPI STATE TAX COMMISSION,

Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(4:02-CV-120)
--------------------

Before WIENER, BARKSDALE, AND DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Superior Boat Works, Inc. ("Superior") appeals the

district court's reversal of the bankruptcy court's holding that

the transaction between Superior and a third party, Lady Luck

Mississippi, Inc. ("Lady Luck"), was, in effect, non-taxable. As

we disagree with the district court's reversal of the bankruptcy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's order, we reverse the ruling of the district court and reinstate the judgment of the bankruptcy court.

## I. Facts and Proceedings

Lady Luck and Superior entered into a contract in which Superior agreed to perform repair and construction work in Greenville, Mississippi on a barge owned at all times by Lady Luck. The contract required Superior to transform the barge into a floating gaming vessel, the LADY LUCK I. After Superior delivered the LADY LUCK I to Lady Luck in Natchez, Mississippi, Superior filed for relief under Chapter 11 of the United States Bankruptcy Code. Appellee Mississippi State Tax Commission ("MSTC") filed a proof of claim for taxes due on the transaction between Superior and Lady Luck. The MSTC asserted that Superior owed either (1) retail sales tax under Mississippi Code Annotated § 27-65-17,[1] or (2) contractor's sales tax under Mississippi Code Annotated § 27-65-21.[2]

---

[1] Section 27-65-17 provides:
Upon every person engaging or continuing in this state in the business of selling any tangible personal property whatsoever there is hereby levied, assessed and shall be collected a tax equal to seven percent (7%) of the gross proceeds of the retail sales of the business, except as otherwise provided herein.
MISS. CODE. ANN. § 27-65-17.

[2] Section 27-65-21 provides:
Upon every person engaging or continuing in this state in the business of contracting or performing a contract or engaging in any of the activities, or similar activities, listed below for a price, commission, fee or wage, there is hereby levied, assessed and shall be collected a tax equal to three and one-half percent (3-

The bankruptcy court held that Section 27-65-21, the contractor's tax provision, did not apply to the transaction between Superior and Lady Luck because the LADY LUCK I remained tangible personal property, specifically, a floating gaming vessel, at the time that Superior re-delivered it to Lady Luck. The bankruptcy court further held that, even though the transaction was taxable under Section 27-65-17, the retail sales tax provision, the transaction was exempt under Section 27-65-101(1)(c) from any retail sales tax.[3] In effect, the bankruptcy court ruled that the transaction between Superior and Lady Luck was exempt from either tax.

The MSTC appealed the bankruptcy court's order to the district court. The district court reversed the bankruptcy court's

1/2 %) of the total contract price or compensation received, including all charges related to the contract such as finance charges and late charges, from constructing, building, erecting, repairing, grading, excavating, drilling, exploring, testing or adding to any building, . . . any other improvement or structure or any part thereof when the compensation received exceeds . . . $10,000. <u>Such activities shall not include constructing, repairing or adding to property which retains its identity as personal property.</u>
MISS. CODE ANN. § 27-65-21(a)(i) (emphasis added).

[3] This exemption provides:
The tax levied by this chapter shall not apply to the following:
. . .
The gross proceeds of sales of dry docks, offshore drilling equipment for use in oil exploitation or production, vessels or barges of fifty (50) tons displacement and over, when sold by the manufacturer or builder thereof.
MISS. CODE ANN. § 27-65-101(1)(c).

determination that the LADY LUCK I remained tangible personal property. Accordingly, it held that Section 27-65-21's contractor's sales tax provision applied to the transaction. The district court based its conclusion on the following: (1) The contract between the parties required delivery of a "permanently moored vessel;" (2) Superior or its agents moored the LADY LUCK I to the bank of the Mississippi River; and (3) when Superior moored the LADY LUCK I, it became an extension of the land. The district court expressed agreement, however, with the bankruptcy court's ruling that, if Section 27-65-17's retail sales tax provision had applied, the exemption in Section 27-65-101(1)(c) would have exempted the transaction from retail sales tax. Superior appeals the judgment of the district court to the extent that it reversed the bankruptcy court.[4]

## II. Analysis

We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as

---

[4] The MSTC does not cross-appeal the district court's and the bankruptcy court's holdings that Section 27-65-101(1)(c) exempts this transaction from the retail sales tax provision in Section 27-65-17. The MSTC has thus waived its right to contest this ruling. See, e.g., Marts v. Hines, 117 F.3d 1504, 1508-09 (5th Cir. 1997) (en banc) ("In the absence of a cross-appeal, an appellee cannot attack a [district court's] decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." (quoting Morley Constr. Co. v. Maryland Cas. Co., 300 U.S. 185, 192 (1937) (quotations omitted)).

4

applied by the district court.[5]  A bankruptcy court's findings of facts are reviewed for clear error and its conclusions of law <u>de novo</u>.[6]  Under the clearly erroneous standard, we will reverse only if, on the entire record, we are left with the definite and firm conviction that a mistake has been made.[7]  When a factual finding is premised on an improper legal standard or a misapplication of a proper legal standard, we review such a finding <u>de novo</u>.[8]

In all three courts, the parties have heatedly disputed the facts surrounding the mooring of the LADY LUCK I and its identity as a vessel.[9]  The parties' focus on these disputes is misplaced and does not detract from the undeniable legal conclusion that, irrespective of (1) whether the LADY LUCK I was a vessel, (2) who

---

[5] <u>See Carrieri v. Jobs.com Inc.</u>, 393 F.3d 508, 517 (5th Cir. 2004) (citing <u>United States Dep't of Educ. v. Gerhardt (In re Gerhardt)</u>, 348 F.3d 89, 91 (5th Cir. 2003)).

[6] <u>Id.</u> (citing <u>Williams v. Int'l Bhd. of Elec. Workers, Local 520 (In re Williams)</u>, 337 F.3d 504, 508 (5th Cir. 2003)).

[7] <u>Id.</u> (quoting <u>Walker v. Cadle Co. (In re Walker)</u>, 51 F.3d 562, 565 (5th Cir. 1995)) (quotations omitted).

[8] <u>Id.</u> (citing <u>In re Missionary Baptist Found. of Am., Inc.</u>, 712 F.2d 206, 209 (5th Cir. 1983)).

[9] We need not and do not reach these arguments because we hold that the LADY LUCK I has remained tangible personal property at all pertinent times.  In any event, these arguments miss the mark.  The parties' reliance on cases such as <u>Pavone v. Mississippi Riverboat Amusement Corp.</u>, 52 F.3d 560 (5th Cir. 1995), and <u>King v. Grand Casinoe of Mississippi, Inc.</u>, 697 So. 2d 439, 442 (Miss. 1997), is misplaced.  In <u>Pavone</u> and <u>King</u>, for example, the courts treated whether a floating gaming casino was a vessel for purposes of the Jones Act and the general maritime law, not for purposes of Mississippi state tax law or any other purpose.

5

moored it to the bank, or (3) when it was moored, the LADY LUCK I never lost its identity as tangible personal property. Consequently, the transaction between Superior and Lady Luck is not taxable under Section 27-65-21, the contractor's tax provision. Whether we apply Mississippi state law on fixtures or improvements[10] or the Mississippi courts' judicial construction of the terms "real property" and "personal property,"[11] we inevitably reach the ultimate conclusion that nothing in the record demonstrates that the LADY LUCK I has ever lost its identity as tangible personal property.

The parties do not dispute that the LADY LUCK I began as tangible personal property. The LADY LUCK I is not land; neither is an ownership interest in her an interest in land: The river flows between the LADY LUCK I and the bank; the gangways are the only means of ingress and egress to and from the bank; it rises and falls with the river; the utility lines, mooring lines, and anchors are easily detachable from the bank; it can be unhooked from the bank, moved elsewhere, and re-hooked without any damage to itself

---

[10] See, e.g., Motorola Communications & Elecs., Inc. v. Dale, 655 F.2d 771, 773 (5th Cir. 1982) (citing Richardson v. Borden, 42 Miss. 71, 75-76 (Miss. 1868)) (describing Mississippi law on fixtures); Bondafoam v. Cook Constr. Co., Inc., 539 So. 2d 655, 658 (Miss. 1988) (same); Ziller v. Atkins Motel Co., 244 So. 2d 409, 411 (Miss. 1971) (same).

[11] See Watson v. Caffery, 109 So. 2d 862, 866 (Miss. 1959) (holding that "[t]he term 'personal property' in its broadest legal signification includes everything the subject of ownership not being land or any interest in land . . . .").

or the land.  The bankruptcy court correctly classified the LADY LUCK I as tangible personal property, and the district court erred when it reversed that court.

### III. Conclusion

We hold as a matter of law that at all pertinent times, the LADY LUCK I was tangible personal property for purposes of taxation under Mississippi law.  As such, it was not subject to the contractor's sales tax, but was subject only to the retail sales tax, from which the transaction between Superior and Lady Luck was exempt under the provisions of Mississippi Code Annotated § 27-65-101(1)(c).  We therefore reverse the district court and reinstate the judgment of the bankruptcy court.[12]

REVERSED; BANKRUPTCY JUDGMENT REINSTATED.

---

[12] We also note that this issue will not arise again.  The Mississippi legislature has enacted Section 27-65-18, which provides for a three and a half per cent tax on the gross proceeds of sales and construction of floating structures.  See MISS. CODE ANN. § 27-65-18.